FILED
RICHARD W. NAGEL

**IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF OHIO** 2023 JAN 25 AM II: 44
**DAYTON COURT**

SO... ...RT
... ... ... OHIO
WESTERN DIV DAYTON

| | |
|---|---|
| ELIJAH WHALEY<br>6957 Springfarm Court<br>Dayton, OH 45459;<br>              Plaintiff,<br><br>   vs.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>an Ohio Corporation.<br>c/o Office of General Counsel 475<br>Anton Boulevard Costa Mesa,<br>California 92626;<br>            Defendants. | : Case No.:   3:22-cv-356<br><br>: **COMPLAINT**<br><br>: **Jury Demand Endorsed Hereon.**<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>:<br><br>: |

## VERIFIED COMPLAINT

**PLAINTIFF, Elijah Whaley, sues EXPERIAN INFORMATION SOLUTIONS, INC., for federal violations of the Fair Credit Reporting Act and states and respectfully sets forth, complains, and alleges upon information and belief under penalty of perjury, the following:**

### JURISIDCTION AND VENUE

1.    This Honorable Court has original jurisdiction over this complaint because it presents a federal question, pursuant to 28 U.S. Code § 1331.

2.    Venue is proper in the Southern District of Ohio as Plaintiff resides here and Defendants conduct business in the state of Ohio.

3.    Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., of the Fair Credit Reporting Act.

4.    This is an action for money damages in excess of $75,000 pursuant to 28 U.S. Code § 1332.

### PARTIES

5.    At all times material to this lawsuit, Plaintiff was a resident of Greene County and is a resident of Montgomery County, Ohio.

6.    At all times material to this lawsuit, Plaintiff was a "consumer" as said term is defined

under 15 U.S. Code § 1681a(c).

7.  At all times material to this lawsuit, EXPERIAN INFORMATION SOLUTIONS, INC., is a "nationwide consumer reporting agency" (NCRA.) EXPERIAN INFORMATION SOLUTIONS, INC., is an Ohio Corporation located in Costa Mesa, California. 15 U.S. Code § 1681a(p); 12 C.F.R. § 1022.130(h). EXPERIAN INFORMATION SOLUTIONS, INC., conducts business in the State of Ohio.

8.  At all times material to this lawsuit, EXPERIAN INFORMATION SOLUTIONS, INC., is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined under 15 U.S. Code § 1681a(p) to third parties.

9.  Defendant EXPERIAN INFORMATION SOLUTIONS, INC., is a consumer reporting agency as defined by 15 U.S Code § 1681a(f) and conducts substantial and regular business activities in this judicial district.

10. Defendant EXPERIAN INFORMATION SOLUTIONS, INC., is an Ohio Corporation and may be served with process upon the CT Corporation System 4400 Easton Commons Way, Suite 215 Columbus, OH 43219. At all times material hereto, EXPERIAN INFORMATION SOLUTIONS, INC., disbursed such consumer reports to third parties under a contract for monetary compensation.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff comes into this court with clean hands and in good faith.

12. Plaintiff has exhausted administrative remedy.

13. Defendant's failure to respond in good faith presumes to admit agreement through tacit procuration and the matter is considered res judicata and stare decsis.

14. EXPERIAN INFORMATION SOLUTIONS, INC., failed to speak, rebut with multiple opportunities given.

15. Moreso, EXPERIAN INFORMATION SOLUTIONS, INC., has both a duty and

2

obligation to respond as a nationwide consumer reporting agency as defined in 15 U.S. Code 1681i et seq, 15 U.S. Code § 1681a(p); 12 C.F.R. § 1022.130(h).

16. In conjunction, EXPERIAN INFORMATION SOLUTIONS, INC., has both a duty and obligation to speak, rebut, respond pursuant to the Fair Credit Reporting Act and Uniform Commercial Code § 1-202. Notice; Knowledge., § 3-502. DISHONOR., § 3-505. EVIDENCE OF DISHONOR.

17. EXPERIAN INFORMATION SOLUTIONS, INC., willingly failed to respond which resulted in Estoppel by Silence.

18. EXPERIAN INFORMATION SOLUTIONS, INC., is a publicly traded company that is incorporated in Ohio and located in Costa Mesa, California.

19. EXPERIAN INFORMATION SOLUTIONS, INC., compiles and maintains financial information, consumer, and commercial data from across the nation and worldwide. EXPERIAN INFORMATION SOLUTIONS, INC., uses credit information it has collected from consumer credit files and sells information to third parties.

20. For 2021, EXPERIAN INFORMATION SOLUTIONS, INC., publicly reported annual revenue of nearly $4.7 billion.

21. Defendants have marketed and sold Credit-Related Products to consumers through numerous online channels. This includes banner and display advertisements that appear on Defendants main website (experian.com) and on popular websites such as bankrate.com, auto.com, and Amazon.

22. Defendants have sent direct emails to certain consumers; search engines such as Google; social media; and other online mediums for several advertisements.

23. EXPERIAN INFORMATION SOLUTIONS, INC., is a multinational for-profit corporation that collects, organizes and sells credit information about consumers.

24. EXPERIAN INFORMATION SOLUTIONS, INC.'s primary business revolves around creating and selling consumer credit reports.

25. In the ordinary case of business EXPERIAN INFORMATION SOLUTIONS, INC., actively sells credit information about consumers to companies for marketing purposes.

26. EXPERIAN INFORMATION SOLUTIONS, INC., and any relevant subsidiaries assumed the rule to furnish consumer credit information or profiles.

27.     EXPERIAN INFORMATION SOLUTIONS, INC., was never appointed by any government or person(s) of authority to furnish consumer credit information or profiles.

28.     Third parties compensate EXPERIAN INFORMATION SOLUTIONS, INC., considerably greater for selling "subprime" or "sub-tier" credit information, that is reasonably considered between 300 to 579 and 580 to 669.

29.     According to the Federal Trade Commission over sixty-nine percent of all credit reports contain errors.

30.     Defendant has an extensive history of violating the Fair Credit Reporting Act and blatant disregard for Consumer Financial Protection Bureau orders.

31.     On January 5th, 2022, Consumer Financial Protection Bureau Director, Rohit Chopra has gone on record stating, "America's credit reporting oligopoly has little incentive to treat consumers fairly when their credit reports have errors. Today's report is further evidence of the serious harms stemming from their faulty financial surveillance business model."

32.     The precise type of insufficient consumer investigation and measure of following the Fair Credit Reporting Act at issue in this case have been repeatedly brought to Experian's attention but have been ignored, leaving Plaintiff at the mercy of a for profit consumer reporting agency. Instead of correcting the false and misleading information subject within the consumer credit report, Experian has, instead, repeatedly chosen to prioritize profit over consumer rights. Experian's profit-making pursuit has put the jeopardy of Plaintiff's consumer credit profile at risk on more than one occasion.

33.     Indeed, Experian's insufficient regulatory compliance procedures and insufficient consumer investigations and handling have continuously violated Plaintiff's consumer rights on numerous occasions, Moreso, EXPERIAN INFORMATION SOLUTIONS, INC., has a well-published history of placing profits over people over the past decade.

34.     Pursuant to 15 U.S. Code § 1681 Congress has made the following findings and statements;

    1.      The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and

unfair credit reporting methods undermine the public confidence which is

essential to the continued functioning of the banking system.

2.      An elaborate mechanism has been developed for investigating and evaluating

the credit worthiness, credit standing, credit capacity, character, and general

reputation of consumers.

3.      Consumer reporting agencies have assumed a vital role in assembling and

evaluating consumer credit and other information on consumers.

4.      There is a need to insure that consumer reporting agencies exercise their grave

responsibilities with fairness, impartiality, and a respect for the consumer's right

to privacy.

**(b)REASONABLE PROCEDURES**

It is the purpose of this subchapter to require that consumer reporting agencies

adopt reasonable procedures for meeting the needs of commerce

for consumer credit, personnel, insurance, and other information in a manner

which is fair and equitable to the consumer, with regard to the confidentiality,

accuracy, relevancy, and proper utilization of such information in accordance

with the requirements of this subchapter.

34.     Pursuant to 15 U.S. Code § 1681a(f), The term "consumer reporting agency" means any

person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly

engages in whole or in part in the practice of assembling or evaluating consumer credit

information or other information on consumers for the purpose of furnishing consumer

reports to third parties, and which uses any means or facility of interstate commerce for

the purpose of preparing or furnishing consumer reports.

35.     Pursuant to 15 U.S. Code § 1681a(d)(1) In general.—The term "consumer report"

means any written, oral, or other communication of any information by a consumer

reporting agency bearing on a consumer's credit worthiness, credit standing, credit

capacity, character, general reputation, personal characteristics, or mode of living which

is used or expected to be used or collected in whole or in part for the purpose of serving

as a factor in establishing the consumer's eligibility.

36.     On December 28th, 2021, initial consumer dispute was mailed through United States

Postal Service addressed to Experian Consumer Dispute Center P.O. Box 9701 Allen,

TX 75013. **See Exhibit 1 Below.**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Experian
P.O. Box 9701
Allen, TX 75013

December 28, 2021

I received a copy of my credit report and found you are reporting incorrect information to the credit bureaus.

According to the Fair Credit Reporting Act, Section 609 (a)(1)(A), you are required by federal law to verify -through the physical verification of the original signed consumer contract -any and all accounts you post on a credit report. Otherwise, anyone paying for your reporting services could fax, mail, or email in a fraudulent account.
I demand to see Verifiable Proof (an original Consumer Contract with my Signature on it) you have on file of the accounts listed below.
Your failure to positively verify these accounts has hurt my ability to obtain credit. Under the FCRA, unverified accounts either be removed or updated accurately based on the consumer's request. If you are unable to provide me with a copy of the verifiable proof, you must remove the accounts listed below.

I demand the following account be verified immediately and deleted from my consumer credit report.

1. The following account was never authorized. The account should be deleted immediately pursuant to U.S. Code, and should accurately be reported.
General Electric Credit Union
Account Number: XXXXX8170

I demand the following accounts be verified up to date with payments shown correctly.

2.. The following account was Paid in Full with no missed payments. The balance should be $0. The first date of delinquency is inaccurate. This should accurately be reported.
BridgeCrest
Account Number: XXXXXXXX7201

3. The following accounts was Paid in Full with no missed payments. The balance should be $0. The first date of delinquency is inaccurate. This should accurately be reported.
Capital One
Account Number: 549112XXXXXXXXXX

Please remove all non-account holding inquiries over 30 days.
Please add a Promotional Suppression to my file.
Please remove all accounts that are not METRO 2 COMPLIANCE.

Please note that you have 30 days to complete this investigation, as per the
Fair Credit Reporting Act Section 611(a)(1)(A). Be advised that the description of the procedure
used to determine the accuracy and completeness of the information is hereby requested as
well, to be provided within (5) days of the completion of your re-investigation and I am keeping a
careful record of your actions, including your Method of Verification. I do not consent to e-Oscar
or any means of automated verification.
Once again the description of the procedure used to verify the accuracy and, completeness of
the information is demanded as well.

Under 15 U.S. Code § 1681  (Fair Credit Reporting Act), I demand these items be fully verified
and demand to know the method of verification used during the investigation process. It is my
knowledge that as a Credit Consumer Agency, you'll verify these said items with the credit
furnisher who has posted them and cross verify the information that is on record. Remove any
information that cannot be verified. I understand that under 15 U.S.Code § 1681i - Procedure in
case of disputed accuracy

**(a)Reinvestigations of disputed information**

   **(1)Reinvestigation required**

      **(A)In general**

      Subject to subsection (f) and except as provided in subsection (g), if the completeness or
      accuracy of any item of information contained in a consumer's file at a consumer reporting
      agency is disputed by the consumer and the consumer notifies the agency directly, or
      indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a
      reasonable reinvestigation to determine whether the disputed information is inaccurate and
      record the current status of the disputed information, or delete the item from the file in
      accordance with paragraph (5), before the end of the 30-day period beginning on the date
      on which the agency receives the notice of the dispute from the consumer or reseller.

**Shall:** "…this word is generally imperative or mandatory."; Black Laws Dictionary

**Reasonable:** Agreeable to reason; just; proper; Black Laws Dictionary

**Inaccurate**: Not accurate, faulty; Black Laws Dictionary

Failure to respond satisfactorily within 30 days of receipt of this certified letter may result in a
small claims action against your company, seeking $1,000 per violation for:

   1.  Defamation of Character (per se)

2. Negligent Enablement of Identity Fraud
3. Financial injury
4. Emotional damages
5. Loss of financial opportunity
6. Fair Credit Reporting Act 15 USC §1681 violations for willful noncompliance - §1681n. Civil liability for willful noncompliance (15 USC §1681n)

<u>You have been put on notice that the information you are continuing to furnish is misleading.</u>

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

CC: Thomas Ward Assistant Director of EnforcementConsumer Financial Protection Bureau
1700 G. Street NW Washington, D.C. 2055
CC: Law Firm Cravath Swaine & Moore LLP
CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau
CC: State Senate
CC: Federal Deposit Insurance Corporation
CC: Comptroller Of The Currency
CC: Federal Reserve System
CC: Credit and insurance
CC: Federal Trade Commission
CC: State Regulatory agency
CC: California Regulatory agency Division of consumer complaints

Respectfully,
Elijah Whaley

 

37.     A notary states and confirms all proper documentation and correspondence was placed in the envelope by Plaintiff in front of them.

38.     Within the letter EXPERIAN INFORMATION SOLUTIONS, INC., was placed on constructive and formal notice for furnishment for misleading information on Plaintiffs

You have been put on notice that the information you are continuing to furnish is misleading

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

CC: Thomas Ward Assistant Director of Enforcement Consumer Financial Protection Bureau
1700 G. Street NW Washington, D.C. 2055
CC: Law Firm Cravath Swaine & Moore LLP
CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau
CC: State Senate
CC: Federal Deposit Insurance Corporation
CC: Comptroller Of The Currency
CC: Federal Reserve System
CC: Credit and insurance
CC: Federal Trade Commission
CC: State Regulatory agency
CC: California Regulatory agency Division of consumer complaints

Thank you for your time and help in this matter.

39.     EXPERIAN INFORMATION SOLUTIONS, INC., failed to a conduct investigation into the initial consumer dispute dated December 28th, 2021.

40.     Damage caused unto Plaintiff by no further update directly from consumer reporting agency regarding consumer credit profile.

41.     In addition, further damage caused unto Plaintiff by EXPERIAN INFORMATION SOLUTIONS, INC., negligence to delete or modify information contained within the consumer credit report.

42.     The information contained within the consumer credit report being furnished by EXPERIAN INFORMATION SOLUTIONS, INC., should have been deleted or modified in accordance with unverifiable information set forth by the Fair Credit Reporting Act.

43.     Likewise, the information contained within the consumer credit report being furnished by EXPERIAN INFORMATION SOLUTIONS, INC., should have been deleted or modified if a consumer investigation was never conducted.

44.     Approximately on February 27th, 2022, Plaintiff sent an initial consumer complaint to


**Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

**Start a new complaint**

‹ All complaints (.)

## 220228-8204275

CLOSED

✔ **Submitted**

**STATUS**
Submitted to the CFPB on 2/27/2022

45.     Plaintiff outlines the numerous hardships and difficulties the false furnishing of

information has:

a)  Plaintiff acknowledges firsthand they have suffered from damage to reputation, general

mode of living and operation and the ability to obtain credit for personal and home

purposes.

b)  Plaintiff acknowledges EXPERIAN INFORMATION SOLUTIONS, INC., have

destroyed his livelihood through negligence and inaccurate furnishment of information on

the consumer credit report.

c)  Plaintiff reinstates the exhaustion between EXPERIAN INFORMATION SOLUTIONS,

INC., unwilling to correct errors, and a troubling economy.

46.     Within the Consumer Financial Protection Bureau complaint sent on February 27th,

2022, Plaintiff outlined the blatant disregard for federal law. **See Exhibit 2.1 below.**

**YOUR COMPLAINT**

Numerous laws were broken under the Fair Credit Reporting Act (FCRA) by your company. I have
suffered from advertising inaccurate, incomplete, erroneous, and misleading information that has caused
severe damage to my character, my reputation, my general mode of living, and my ability to obtain
credit for personal and home purposes. You and your inaccurate reporting have destroyed my livelihood.
You have caused my son and me, severe harm due to the negligence and inaccurate advertising on my
consumer report. I am thoroughly exhausted of your bullshit. Between being a single father raising a

my first correspondence to you putting you on notice of accounts being advertised on my consumer report, I specifically asked for a method of certification, and I did not consent to Metro 2 Compliance or Automated Dispute System or an Automated reinvestigation System. After thirty (30) days of sending out my first correspondence, I did not hear anything from you, at all, it is my understanding not only is that a federal violation but pursuant to U.S Code 15 § 1681i, you must promptly DELETE that item of information from the file of the consumer, or MODIFY that item of information, as appropriate, based on the results. In 15 U.S. Code § 1681(a)(3), Congress states, "Consumer reporting agencies (YOU) have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." So vital in fact, "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." Not only are you breaking federal law, but you are also undermining the efficiency of the banking system. Furthermore, Congress states, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with FAIRNESS, IMPARTIALITY, and a RESPECT for the consumer's right to privacy." How is this FAIR, IMPARTIAL, and RESPECTFUL to not only my privacy as a consumer but the grave responsibilities you have assumed as a Credit Reporting Agency. This is a direct violation of 15 U.S. Code § 1681. Furthermore, pursuant to 15 U.S. Code § 1681b(f)(e) and 15 U.S. Code § 1681b(a)(2), I have NEVER given my written instruction to neither (You) nor any of the furnishers. It is my understanding you shall not advertise what is on my consumer credit report if put on notice and made aware that the information is inaccurate by a consumer, it is your moral and legal obligation, I demand you correct all details as stated in my written correspondence. The continued report of this information is a clear violation of federal law, 15 U.S. Code Subchapter III, throughout parts. 15 U.S. Code § 1681a(e) The term "investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. During the investigative process, if conducted at all, and following my requests; what neighbors, friends, or associates as stipulated in 15 U.S. Code § 1681a(e); who did you speak to regarding the false information you're advertising on my consumer report? I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you will be liable for your willful non-compliance and damages caused to my livelihood and way of living due to your willful negligence. Ignorance of the law excuses no one. As transcribed in Leviticus 5:17: "If a person sins and does what is forbidden in any of the LORD's commands, even though he does not know it, he is guilty and will be held responsible." These laws have been interwoven, throughout the Roman empire and the United States. See United States v. Freed, 401 U.S. 601 (1971). You will be held liable for your actions. Let me remind you, no one appointed the role you currently have it was assumed. According to Congress, you are nothing more than, "an elaborate mechanism… that performs tasks." Once again, within the required thirty (30) days designated by Congress under the Fair Credit Reporting Act (FCRA) you failed to respond, and I hereby as a consumer, DEMAND all unverified items be DELETED and MODIFIED respectively. I am a litigious consumer and I shall not hesitate to take legal action and sue, yes, you heard me correctly. I will sue you for infringement of my right to privacy and advertising false information on my consumer report. Advertising inaccurate, incomplete, erroneous, and misleading information has caused severe damage to my character, my reputation, my general mode of living, and my ability to obtain credit for personal and home purposes. You and your inaccurate reporting have destroyed my livelihood. You have caused my

47.    With the complaint through the Consumer Financial Protection Portal, Plaintiff reiterated the Fair Credit Reporting Act and the laws that govern consumer reporting agencies and mandates and obligations they must follow.

48.    Plaintiff quotes several statues governing consumer reporting agencies like Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., and the consecutive federal laws that were broken.

49.    If unable to verify or investigate a consumer dispute within thirty days as stipulated in the Fair Credit Reporting Act, all information must either be permanently deleted or modified.

50.    Within the initial consumer complaint through the Consumer Financial Protection Bureau complaint sent on February 27th, 2022, all previous communication with EXPERIAN INFORMATION SOLUTIONS, INC., was uploaded through PDF files. **See Exhibit 2.3 below, for reference Exhibit 1,  3.1-3.3.**

> **ATTACHMENTS**
> Experian Letter December 28, 2021.pdf (1.1 MB)
> Experian Cover Letter.pdf (3 MB)
> Experian Letter January 27, 2022.pdf (2.3 MB)

51.    Attached among Plaintiffs initial consumer complaint through the Consumer Financial Protection Bureau complaint were supporting documentation showing federal law negligently and willingly being violated by EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 2.3 above, for reference Exhibit 1, 1.2.**

52.    On January 29th, 2022, a second consumer dispute was accepted by United States Postal Service, addressed to EXPERIAN INFORMATION SOLUTIONS, INC., mailed through United States Postal Service addressed to Experian Consumer Dispute Center.

51.    A second consumer dispute addressed to Experian was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70210950000127018306).



54.     Within the first page of the second consumer dispute, Plaintiff mailed a letter

showcasing identity alongside enforcement of the Fair Credit Reporting Act and if

federal laws were not properly being followed as evidenced, Plaintiff would proceed

with litigation. **See Exhibit 3.1.**

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

<u>YOU HAVE BROKEN FEDERAL LAW</u>

Elijah Niles Whaley
4065 Brookdale Lane Unit 11
Dayton, OH 45440

Experian
P.O. Box 9701
Allen, TX 75013



January 27, 2022

Elijah Niles Whaley
Governor of Ohio, John Kasich

This is in correspondence to the lack of response I have received from Experian, in regards to the initial letter I sent dated December 28, 2021, and accepted on January 2, 2021, in Allen, Texas 75013.
Be advised pursuant to Admas v Lindsell 1818 (B & Ald 681), Household Fire Insurance v Grant 1879 (LR 4 Ex D 216), and Dunlop v Higgins (1848) 1 HL Cas 381. The posting rule in the United States is an exception to the general rule of contract law in common law countries that acceptance of an offer takes place when communicated.

<u>Under United States common law, Experian has not replied with correspondence, or investigation results and is thereby subject to U.S Code 15 § 1681i, and to comply with my original request as a consumer, removing information I never gave written permission to furnish and legal remedies paid through a certified check to my place of abode.</u> If you continue with your willful-non compliance in these matters; willfully violate federal law, and do not abide by my demands as stipulated under federal law, I, Elijah Niles Whaley will be forced to proceed with legal counsel should this situation be handled in federal court.

Your actions have damaged my personal reputation through consumer credit reporting (See 15 U.S. Code § 1681), you have caused mental duress, lack of financial resources, and my time has been invested into correcting your errors.

55.     Within the second consumer dispute, Plaintiff reiterated federal law mandating

consumer reporting agencies shall not exceed thirty days to complete an investigation.

**See Exhibit 3.2.**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Experian
P.O. Box 9701
Allen, TX 75013

January 27, 2022

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

mandating consumer reporting agencies shall not exceed thirty days to complete an

investigation and the violations of the Fair Credit Reporting Act. **See Exhibit 3.3**

**below.**

57.     Likewise, the second consumer dispute mailed on January 29th, 2022, Plaintiff

reiterated failure to conduct initial investigation, response, or disclosure sent to

consumer based on initial consumer dispute sent on December 28th, 2021. **See Exhibit**

**3.3 below.**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Experian
P.O. Box 9701
Allen, TX 75013

January 27, 2022

**\*NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRINCIPAL IS NOTICE TO AGENT\***

<u>YOU HAVE BROKEN FEDERAL LAW</u>

On December 28, 2021, I wrote to you requesting an investigation into items that I believed were INACCURATE AND UNVERIFIED. To date, I have not received a reply from you or any acknowledgment that an investigation has begun. In my previous request, I listed my reasons for disputing the information. I have enclosed it again and request that you reply within less than thirty (30) days.

Since this is my SECOND demand, I will also be sending a copy of this letter to the Federal Trade Commission notifying them that I have signed receipts for letters sent to you and you have not complied with my request.

As you are well aware federal law requires you to respond within 30 days, yet you have failed to respond. Failure to comply with these federal regulations by credit reporting agencies is investigated by the Federal Trade Commission (see 15 USC 41, et seq.). I am maintaining a careful record of my communications with you on this matter, for the purpose of filing a complaint with the FTC should you continue in your non-compliance. I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you will be liable for your willful non-compliance and damages caused to my livelihood and way of living due to your willful negligence.

According to the Fair Credit Reporting Act, Section 609 (a)(1)(A), you are required by federal law to verify -through the physical verification of the original signed consumer contract -any and all accounts you post on a credit report. Otherwise, anyone paying for your reporting services could fax, mail, or email in a fraudulent account.

Except as provided in subsection (b), <u>any person who shall be injured in his business or property</u> by reason of anything forbidden in the antitrust laws <u>may sue therefor in any district court of the United States</u> in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, <u>and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.</u> The court may award under this section, pursuant to a motion by such person promptly made, simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment, or for any shorter period therein, if the court finds that the award of such interest for such period is just in the circumstances. In determining whether an award of interest under this section for any period is just in the circumstances, the court shall consider only—

On January 27, 2022, I sent a consumer credit application in regards to a, "2021 Mercedes-Benz G-Class AMG® 63 SUV" VIN: W1NYC7HJ7MX416181
with an agreed-upon price of $250,000. I was denied due to the false information on my credit consumer report that you have been furnishing. As stated above in 15 U.S. Code § 15(a), due to your willful noncompliance in accordance with 15 U.S. Code § 1681n you have injured my business and personal reputation due to your inaccurate information reflecting on my consumer credit profile. <u>You are liable to damages threefold of the $250,000 which approximately calculates $750,000.</u>



Your failure to positively verify these accounts has hurt my ability to obtain credit. Under the FCRA, unverified accounts either be removed or updated accurately based on the consumer's request. If you are unable to provide me with a copy of the verifiable proof, you must remove the accounts listed below.

I DEMAND the following account be deleted from my consumer credit report.



The Account Status is incorrect.
The Monthly Payment is incorrect.
The Balance is incorrect.
The High Credit is incorrect.
Past Due is incorrect.
Payment Status is incorrect.
Last Reported Date is incorrect.
Date of Last Payment is incorrect.
I demand this account be deleted from my consumer credit profile immediately

The personal consumer information listed on file does not match mine. The address, phone number, and email address among other variables. I DO NOT CONSENT to information being updated. I want the above-mentioned account deleted immediately from my consumer credit profile you have less than thirty (30) days to comply.

Your company is in clear violation of the law. Under 15 U.S. Code § 1681b - Permissible purposes of consumer reports, THE LAW CLEARLY STATES:

(a) **IN GENERAL**
    Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(2) <u>In accordance with the written instructions of the consumer to whom it relates</u>.

Did I give you written instructions to furnish this inaccurate information on my consumer credit report?

Furthermore, the FAIR CREDIT REPORTING ACT 15 U.S. Code § 1681a(2)(a)(i) Exclusions from a consumer report clearly states:

(2) **Exclusions.**—Except as provided in paragraph (3), the term "consumer report" does not include—

(A) Subject to section 1681s–3 of this title, any—

(i)report containing information solely as to transactions or experiences between the <u>consumer</u> and the <u>person</u> making the report;

Delete the above-mentioned account from my consumer report, this agency is in violation of 15 U.S. Code § 1681 and direct violation and negligence pursuant to 15 U.S. Code § 1681n and 15 U.S. Code § 1681o.

Furthermore, the IRS states for any amount over $600 dollars the lien holder (General Electric Credit Union) have to send a 1099c form in regards to a cancellation of debt. Since a 1099c is seen as earned income in the eyes of the IRS; income is not and never reported on consumer reports. Therefore, if I received my 1099c and I filed it as income how it is being reported as debt on my consumer report? How is canceled debt showing on my consumer report it explicitly states "Charge Off". According to the Fair Credit Reporting Act, it has to be taken off of my consumer report. 15 U.S. Code § 1681e - Compliance procedures

(b) **Accuracy of report** -

Whenever a <u>consumer reporting agency prepares a consumer report it ==shall== follow ==reasonable== procedures</u> to assure ==maximum== possible ==accuracy== of the information concerning the individual about whom the report relates.

==Reasonable:== Agreeable to reason; just; proper; Black Laws Dictionary

==Procedure:== "...legal principles constituting the substance of the law, and denotes the body of rules... It is also generally distinguished from the law of evidence;" Black Laws Dictionary.

==Maximum:== The highest amount, value, or degree attained or recorded; Dictionary.

==Accuracy:== The lack of error in accounting. All the values are deemed correct; Black Laws Dictionary.

How can you maintain maximum accuracy when the item being reported is entirely inaccurate? The only conclusion I can assume is willful negligence at best, and mail fraud as discussed in 18 U.S. Code Chapter 63, at reasonable worse.



Pursuant to Under 15 U.S. Code § 1681b - Permissible purposes of consumer reports, THE LAW CLEARLY STATES:

**(b) IN GENERAL**
   Subject to subsection (c), <u>any consumer reporting agency may furnish a consumer report under the following circumstances and no other</u>:
      (2) <u>In accordance with the written instructions of the consumer to whom it relates</u>.

Did I give you consent to furnish inaccurate information to jeopardize my livelihood and mode of living? As mentioned in the previous letter dated December 28, 2021, I stated that there were no missed payments and the remaining balance was paid in full by the insurance company. THERE WERE NEVER ANY MISSED PAYMENTS.



Over a four-year period, the above-mentioned account was never late, nor had a late payment.

Under 15 U.S. Code § 1681 (Fair Credit Reporting Act), I demand these items are fully verified and demand to know the method of verification used during the investigation process. It is my knowledge that as a Credit Reporting Agency, you'll verify these said items with the credit furnisher who has posted them and cross verify the information that is on record. Remove any information that cannot be verified and adjust it accordingly to my request. I understand that under 15 U.S.Code § 1681i - Procedure in case of disputed accuracy

**(a)Reinvestigations of disputed information**

**(1)Reinvestigation required**

**(A)**In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in

accordance with paragraph (5), before the end of the 30-day period beginning on the date
on which the agency receives the notice of the dispute from the consumer or reseller.

Shall: "…this word is generally imperative or mandatory."; Black Laws Dictionary

Reasonable: Agreeable to reason; just; proper; Black Laws Dictionary

Inaccurate: Not accurate, faulty; Black Laws Dictionary

Once again pursuant to 15 U.S. Code § 1681b - Permissible purposes of consumer reports,
THE LAW CLEARLY STATES:


  (c) IN GENERAL
    Subject to subsection (c), any consumer reporting agency may furnish a consumer
    report under the following circumstances and no other:
      (2) In accordance with the written instructions of the consumer to whom it relates.

Did I give you written instructions to furnish this inaccurate information on my consumer credit
profile?


Please remove all non-account holding inquiries over 30 days.
Please add a Promotional Suppression to my file.
Please remove all accounts that are not METRO 2 COMPLIANCE.

Please note that you have 30 days to complete this investigation, as per the
Fair Credit Reporting Act Section 611(a)(1)(A). Be advised that the description of the procedure
used to determine the accuracy and completeness of the information is hereby requested as
well, to be provided within (5) days
of the completion of your re-investigation and I am keeping a careful record of your actions,
including your Method of Verification. I do not consent to e-Oscar or any means of automated
verification.

Failure to respond satisfactorily within 30 days of receipt of this certified letter may result in a
small claims action against your company, seeking $1,000 per violation for:

1. Defamation of Character (per se)
2. Negligent Enablement of Identity Fraud
3. Financial injury
4. Emotional damages
5. Loss of financial opportunity
6. Fair Credit Reporting Act 15 USC §1681 violations for willful noncompliance - §1681n.
   Civil liability for willful noncompliance (15 USC §1681n)

<u>You have been put on notice that the information you are continuing to furnish is misleading.</u>

Please be aware that depending upon your responses. I may be detailing any potential issues with your company via an online public press release, including documentation of any small claims action. I am also including a copy of my complaint to the organizations below:

CC: Thomas Ward Assistant Director of Enforcement Consumer Financial Protection Bureau
1700 G. Street NW Washington, D.C. 2055
CC: Law Firm Cravath Swaine & Moore LLP
CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau
CC: State Senate
CC: Federal Deposit Insurance Corporation
CC: Comptroller Of The Currency
CC: Federal Reserve System
CC: Credit and insurance
CC: Federal Trade Commission
CC: State Regulatory agency
CC: California Regulatory agency Division of consumer complaints

Thank you for your time,

Elijah Whaley

Below I have enclosed my ID, Utility Bill, and a brokerage statement





58. A notary states and confirms all proper documentation and correspondence was placed in the envelope by Plaintiff in front of them.

59. Within the second consumer dispute, Plaintiff placed the consumer reporting agency on constructive and formal notice for furnishing misleading information. **See Exhibit 3.4.**

to determine the accuracy of this consumer investigation. **See Exhibit 3.5.**

> Please remove all non-account holding inquiries over 30 days.
> Please add a Promotional Suppression to my file.
> Please remove all accounts that are not METRO 2 COMPLIANCE.
>
> Please note that you have 30 days to complete this investigation, as per the
> Fair Credit Reporting Act Section 611(a)(1)(A). Be advised that the description of the procedure
> used to determine the accuracy and completeness of the information is hereby requested as
> well, to be provided within (5) days
> of the completion of your re-investigation and I am keeping a careful record of your actions,
> including your Method of Verification. I do not consent to e-Oscar or any means of automated
> verification.

61. In accordance with the Fair Credit Reporting Act, 15 U.S. Code §1681a(e), an

    investigative consumer report is conducted by personal interview with neighbors,

    friends, or associates of the consumer.

62. EXPERIAN INFORMATION SOLUTIONS, INC., failed to mail the results of the

    consumer investigation or use any other medium available.

63. EXPERIAN INFORMATION SOLUTIONS, INC., failed to identify the procedure

    used to determine the accuracy of the investigation.

64. Within the second consumer dispute letter mailed on January 29th, 2022, citations of

    similar case laws were outlined by Plaintiff. **See Exhibit 3.-3.3 for reference.**

65. Likewise, all previous consumer disputes and mailed correspondence were attached to

    the second consumer dispute.

66. With the second consumer dispute letter mailed and addressed to EXPERIAN

    INFORMATION SOLUTIONS, INC., United States Postal Service, Certified Mail,

    with Domestic Return Receipt 70210950000127018306, Defendant until March 6th,

    2022, to reply to third consumer dispute.

67. EXPERIAN INFORMATION SOLUTIONS, INC., failed to respond within thirty days

    as mandated in accordance with the Fair Credit Reporting Act.

not reply to the second consumer dispute or send requested documentation.

71.    In addition, the third consumer dispute included the common law, mailbox rule or deposited acceptance rule.

58.    In conjunction, within the second letter, Plaintiff included three separate invoices for violation of federal law in accordance with the Fair Credit Reporting Act.

59.    Each invoice was approximately $6,000.00. **See Exhibit 3.6 below.**

---

### Elijah Whaley

4065 Brookdale Lane, Unit 11
Dayton, Ohio
45440-5440
(317)-767-5444

**INVOICE - EXPERIAN FEDERAL VIOLATIONS DEFAMATION - GENERAL ELECTRIC CREDIT UNION**
INV0001

**DATE**
Jan 29, 2022

**DUE**
On Receipt

**BALANCE DUE**
USD $6,000.00

**BILL TO**

**Experian**

c/o General Counsel  475 Anton Blvd
Costa Mesa, California
92626

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |
| | SUBTOTAL | | $6,000.00 |
| | TAX (0%) | | $0.00 |

Pay via certified check to my place of abode:     **TOTAL**    $6,000.00

**Elijah Whaley**

4065 Brookdale Lane, Unit 11

Dayton, Ohio

45440-5440

(317)-767-5444

**INVOICE - EXPERIAN FEDERAL
VIOLATIONS DEFAMATION - CAPITAL
ONE**

INV0002

**DATE**

Jan 29, 2022

**DUE**

On Receipt

**BALANCE DUE**

USD $6,000.00

**BILL TO**

**Experian**

c/o General Counsel  475 Anton Blvd

Costa Mesa, California

92626

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15  U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15  U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | | $6,000.00 |
| **TAX (0%)** | | $0.00 |
| **TOTAL** | | $6,000.00 |
| **BALANCE DUE** | | **USD $6,000.00** |

Pay via certified check to my place of abode:
ELIJAH WHALEY
4065 BROOKDALE LANE UNIT 11
DAYTON, OHIO 45440

|  | INVOICE - EXPERIAN FEDERAL VIOLATIONS DEFAMATION - NAMES |
|---|---|
| **Elijah Whaley** | INV0003 |
| 4065 Brookdale Lane, Unit 11 | **DATE** |
| Dayton, Ohio | Jan 29, 2022 |
| 45440-5444 | **DUE** |
| (317)-767-5444 | On Receipt |
|  | **BALANCE DUE** |
|  | USD $6,000.00 |

**BILL TO**

**Experian**

c/o General Counsel 475 Anton Blvd
Costa Mesa, California
92626

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| Violation of Federal Law 15 U.S. Code § 1681o | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681n | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681e | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681m | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681i | $1,000.00 | 1 | $1,000.00 |
| Violation of Federal Law 15 U.S. Code § 1681b | $1,000.00 | 1 | $1,000.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | | $6,000.00 |
| **TAX (0%)** | | $0.00 |
| **TOTAL** | | $6,000.00 |
| **BALANCE DUE** | | **USD $6,000.00** |

Pay via certified check to my place of abode:
ELIJAH WHALEY
4065 BROOKDALE LANE UNIT 11
DAYTON, OHIO 45440

72.    EXPERIAN INFORMATION SOLUTIONS, INC., failed to respond to the second

consumer complaint letter that was sent via United States Postal Service, Certified Mail



cfpb  Consumer Financial
Protection Bureau  (https://www.consumerfinance.gov/)

**Start a new complaint**

❮ All complaints (.)

# 220405-8454536

**CLOSED**

✅ Submitted

**STATUS**
Submitted to the CFPB on 4/5/2022

74.     Plaintiff asks for permissible purpose and the method of validation used before the

        tradeline was placed on the consumers credit profile, pursuant to 15 U.S. Code §

        1681b(2).

75.     In addition, Plaintiff reiterated the information being furnished on the consumer credit

        report was inaccurate and should be removed with accordance with the Fair Credit

        Reporting Act. **See Exhibit 4.1 below for reference.**

**YOUR COMPLAINT**

I am, Elijah Niles Whaley, a natural-born life breathing consumer submitting this complaint to
EXPERIAN INFORMATIONS SOLUTIONS, INC and there is no third party involved. EXPERIAN
INFORMATIONS SOLUTIONS, INC has violated 15 U.S. Code § 1681b(2) by furnishing these
inaccurate items on my consumer credit report WITHOUT MY WRITTEN INSTRUCTIONS OF I,
THE NATURAL-BORN CONSUMER. I DEMAND REMOVAL/DELETION effective immediately
and I DEMAND A COPY OF MY WRITTEN INSTRUCTIONS WITH A WET SIGNATURE. These
items are inaccurate and different among all three credit reporting agencies. (EXHIBITS PROVIDED) I
ALSO, DEMAND EXPERIAN INFORMATIONS SOLUTIONS, INC VERIFICATION METHOD.
WITHOUT RECOURSE.

76.     Within the second consumer complaint through the Consumer Financial Protection

        Bureau complaint sent on April 5th, 2022, supporting documentation with EXPERIAN

        INFORMATION SOLUTIONS, INC., was uploaded through PDF files. **See Exhibit**

failure and inaccuracies with furnishment of information across the three main consumer reporting agencies. **See Exhibit 4.3 below.**

**GENERAL ELECTRIC CREDI**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | -- | 11444**** | 114** |
| High Balance: | -- | $14,313 | $7,602 |
| Last Verified: | -- | -- | -- |
| Date of Last Activity: | -- | 05/01/2020 | 06/01/2020 |
| Date Reported: | -- | 11/30/2020 | 03/01/2022 |
| Date Opened: | -- | 10/01/2019 | 10/01/2019 |
| Balance Owed: | -- | $11,102 | $7,141 |
| Closed Date: | -- | -- | -- |
| Account Rating: | -- | Open | Derogatory |
| Account Description: | -- | Individual | Individual |
| Dispute Status: | -- | Account not disputed | Account disputed |
| Creditor Type: | -- | Credit Unions | Credit Unions |
| Account Status: | -- | Open | Closed |
| Payment Status: | -- | Current | Collection/Chargeoff |
| Creditor Remarks: | -- | -- | Consumer disputes - reinvestigation in progress Charged off account |
| Payment Amount: | -- | $371 | $0 |
| Last Payment: | -- | 11/09/2020 | 06/01/2020 |
| Term Length: | -- | 60 Month(s) | 60 Month(s) |
| Past Due Amount: | -- | $0 | $7,141 |
| Account Type: | -- | Auto Loan | -- |
| Payment Frequency: | -- | -- | -- |
| Credit Limit: | -- | -- | -- |

**Two-Year payment history**

TransUnion — NONE REPORTED

Experian — OK OK 30 30 60 60 90 OK OK OK OK OK OK OK OK OK
DEC '19 FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC '20 FEB MAR APR MAY JUN JUL AUG SEP OCT NOV

Equifax — 60 90 CO CO CO CO CO CO CO CO CO CO CO CO CO CO
MAR APR MAY JUN JUL AUG SEP OCT NOV DEC '21 FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC '22 FEB

78. Plaintiff submitted supporting documentation showing the inconsistency, and incongruencies with furnishment across the three main consumer reporting agencies.

79. This indicates that an investigation was never conducted as mandated by the Fair Credit Reporting Act.

80. In addition to the information being furnished by EXPERIAN INFORMATION SOLUTIONS, INC., the information being furnished within the consumer credit report is unilaterally inaccurate and false, for example:

f) Creditor Remarks

g) Payment Amount

h) Last Payment

i) Past Due Amount. **See Exhibit 4.3 for reference.**

81. Notably, EXPERIAN INFORMATION SOLUTIONS, INC., has no sufficient creditor remarks for a supposed disputed, or investigated account.

82. If an account or tradeline was ever previously in dispute the account in question would have an active dispute status or show previous dispute if applicable.

83. EXPERIAN INFORMATION SOLUTIONS, INC., has no dispute status or sufficient creditor remarks indicating where an investigation was conducted.

84. Defendant replied to initial consumer complaint through the Consumer Financial Protection Bureau that was submitted on February 27th, 2022. **See Exhibit 2.4 for reference below.**

85. Approximately on April 18th, 2022, Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., replied to the initial consumer complaint submitted by Plaintiff through the Consumer Financial Protection Bureau (Complaint Number: 220228-8204275). **See Exhibit 2.4 for reference below.**

86. EXPERIAN INFORMATION SOLUTIONS, INC., has a history of improperly handling Consumer Financial Protection Bureau complaints.

✓ Company responded

**STATUS**
Company responded on 4/18/2022

**RESPONSE TYPE**
Closed with explanation

**Company's Response**

87.    EXPERIAN INFORMATION SOLUTIONS, INC., improperly states the date Plaintiff submitted a consumer complaint against Defendant through the Consumer Financial Protection Bureau. **See Exhibit 2.4 above for reference.**

88.    As evidenced by **Exhibit 2.4**, EXPERIAN INFORMATION SOLUTIONS, INC., grossly exceeded the lawfully required time for consumer reporting agencies to conduct investigations and respond to Plaintiff pursuant to the Fair Credit Reporting Act.

89.    EXPERIAN INFORMATION SOLUTIONS, INC., improperly assumes Plaintiff sent a complaint through the Consumer Financial Protection Bureau regarding a reinvestigation with initial consumer complaint.

90.    Plaintiff did not request a reinvestigation into disputed items but solely reiterated the Fair Credit Reporting Act and the laws that govern the consumer reporting agencies. **See Exhibit 2.5  below.**

accurate as reported. Other aspects of the referenced item(s) may have also been updated by the data furnisher(s). The results summaries were sent to you for review on multiple dates, including January 21, 2022, February 9, 2022, and March 10, 2022. As Experian has met its obligations under the Fair Credit Reporting Act (FCRA), we must respectfully decline your request for compensation at this time. It is important to note that by federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years. Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it is accessed by others with a permissible purpose. These inquiries may affect your credit score. Additionally, when you apply for credit, to find the best financing available for you, credit grantors may send the application information to other financial institutions for consideration. According to the Fair Credit Reporting Act, each request for your credit history must be displayed by law. Other inquiries for your credit information are considered "soft" inquiries and do not affect your credit score. Some examples are: your current creditors to monitor your accounts; other creditors who want to offer you preapproved credit; an employer who wishes to extend an offer of employment; a potential investor assessing the risk of a current credit obligation; an end user to complete your mortgage loan application; and insurance underwriting (auto or home). These inquiries appear under the heading "Inquiries shared only with you" on your personal credit report and are not seen by anyone but you (except insurance companies may be able to see other insurance company inquiries). We are responding to your request to be removed from future prescreened offer mailing lists. We have removed your name, and we will notify Equifax, Trans Union, and Innovis of your request. If you would like to remove your name from direct marketing lists and individual reference services lists, then contact: Direct Marketing Association Mail Preference Service PO Box 643, Carmel, NY 10512 Experian 949 W. Bond, Lincoln, NE 68521 Attn: Consumer Services Department According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, and notifying them of the dispute and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue. We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit www.experian.com/disputeprocess Additionally, there is nothing a credit repair company can do for you, including removing inaccurate credit information, that you can't do for yourself for free. We believe it is important to supply you with information about specific credit repair laws. The Credit Repair Organization Act, a federal law, prohibits credit repair companies from taking consumers' money until they have fully completed the services they promised. It also requires such firms to provide consumers with a written contract stating all the services to be provided and the terms and conditions of payment. Under this law, consumers also have three days to withdraw from the contract. Please contact your local Attorney General's office for further information regarding your specific state laws. If you have any additional supporting new documentation regarding the disputed information or any new disputes, you may forward that to Experian for further review. If you disagree with the results of the reinvestigations, it is your legal right, under the FCRA, to add a 100-word

91.     EXPERIAN INFORMATION SOLUTIONS, INC., approximately took fifty (50) days to respond to the initial Consumer Financial Protection Bureau complaint.

92.     In conjunction with the Fair Credit Reporting Act, this inaction alone from Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is causation for Plaintiffs consumer disputes to be considered and permanently deleted from his consumer credit profile pursuant to the laws that govern consumer reporting agencies.

93.     Through the Consumer Financial Protection Bureau EXPERIAN INFORMATION SOLUTIONS, INC., response to Plaintiff claims they have met all obligations stipulating from the Fair Credit Reporting Act.

94.     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., claims they will not be making any alterations to the consumer credit profile.

95.     Approximately on March 25th, 2022, a complaint was filed with the Ohio Attorney General (Complaint Number: 100239) regarding negligent and willful violations of the Fair Credit Reporting Act, by Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 5 below.**



96.    Approximately on March 25th, 2022, at 3:01 pm Plaintiff received an email from a representative from the Ohio Attorney General's Office informing Plaintiff that within the next ten business days, a compliant specialist would reach out. **See Exhibit 5.**

97.    Likewise, on March 30th, 2022, at 1: 22 pm Michael Joseph, a consumer complaint specialist working with the Ohio Attorney General replied to Plaintiffs consumer complaint. **See Exhibit 5.1 below.**



98.    Michael Joseph, a consumer complaint specialist working with the Ohio Attorney General requested all copies of correspondence with EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 5.1.**

99.    Approximately on April 4th, 2022, at 8:00 am Plaintiff replied with all consumer disputes mailed and addressed to EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 5.2 below.**



100.    The attached emails included the dispute mailed on December 28th of 2021, January 29th of 2022, and a consumer invoice attached for violations of the Fair Credit Reporting Act. **See Exhibit 5.2, Exhibit 1 and  Exhibit 3.1-3.3 for reference.**

101.    Approximately on April 13th, 2022, Plaintiff sent a third consumer complaint through the Consumer Financial Protection Bureau (Complaint Number: 220413-8512972) regarding EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 6 below.**



All complaints (.)

# 220413-8512972

**CLOSED**

## ✔ Submitted

**STATUS**
Submitted to the CFPB on 4/13/2022

102.    Within the third consumer complaint sent through the Consumer Financial Protection Bureau complaint sent on April 13th, 2022, Plaintiff demonstrated federal law negligently and willingly being violated by EXPERIAN INFORMATION SOLUTIONS, INC., in complaint. **See Exhibit 6.1.**

**YOUR COMPLAINT**

THIS IS NOT A INVESTIGATION/REINVESTIGATION REQUEST WITH DATA FURNISHERS. THIS IS NOT A SUPPRESSION REQUEST. THIS IS A NOTICE YOU ARE BREAKING FEDERAL LAW, AND YOU MUST FOLLOW THE FEDERAL LAWS SET BY CONGRESS. The letter mailed on December 28, 2021, put you on notice for advertising false and misleading information. In accordance with Fair Credit Reporting Act Section 611(a)(1)(A), you have thirty (30) days to complete a thorough and accurate investigation and make the consumer aware of the final results of the investigation within five (5) days. I was NEVER made aware an investigation was done, or the results of the investigation. YOU ARE LEGALLY REQUIRED TO EITHER DELETE OR MODIFY THE

INFORMATION IMMEDIATELY PURSUANT TO U.S. Code § 1681i(5)(I). THIS IS NOT A INVESTIGATION/REINVESTIGATION REQUEST WITH DATA FURNISHERS. THIS IS NOT A SUPPRESSION REQUEST. THIS IS A NOTICE YOU ARE BREAKING FEDERAL LAW, AND YOU MUST FOLLOW THE FEDERAL LAWS SET BY CONGRESS. YOU ARE IN DIRECT FEDERAL VIOLATION.

103.    Within the third consumer complaint sent through the Consumer Financial Protection Bureau complaint sent on April 13th, 2022, supporting documentation showing blatant disregard for federal law by EXPERIAN INFORMATION SOLUTIONS, INC., was uploaded through. **See Exhibit 6.1 and Exhibit 1.**

> **ATTACHMENTS**
>
> Experian Letter December 28, 2021.pdf (1.1 MB)
>
> View full complaint ⊕

104.    Attached among Plaintiffs Consumer Financial Protection Bureau complaint were supporting documentation showing federal law negligently and willingly being violated by EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 6.2 for reference and Exhibit 1.**

105.    Approximately on April 20th, 2022, at 8:58 am Michael Joseph, a consumer complaint specialist working with the Ohio Attorney General, emailed Plaintiff regarding EXPERIAN INFORMATION SOLUTIONS, INC., response to Plaintiff regarding consumer credit profile and lack of consumer investigation. **See Exhibit 5.3 below.**



106.    Within the email Michael Joseph states, "According to their letter, unfortunately, the

business has not agreed to resolve your complaint." **See Exhibit 5.3.**

107.    Enclosed within the email Michael Joseph sent Plaintiff is a response from EXPERIAN

INFORMATION SOLUTIONS, INC. **See Exhibit 5.4.**

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| April 14, 2022 at 5:20:48 PM EDT | Experian Fax | 156 | 3 | Received |

Experian Fax          4/14/2022 4:18:13 PM   PAGE   1/003    Fax Server



## FAX

| To: | From:Cheryl Beste |
|---|---|
| Fax To: **1 866 429 9014** | Pages: **2** |
| Senders Fax: 402-458-1615 | Date: **4/14/2022 4:16:34 PM** |
| Sender's Voice Number: | |

Comments:

Experian Fax          4/14/2022 4:18:13 PM  PAGE   2/003   Fax Server



P.O. Box 1240
Allen, TX 75013-1240
www.experian.com

April 6, 2022

Michael Joseph
Dave Yost, Attorney General of Ohio
Consumer Protection Division
30 E. Broad St., 14th Flr
Columbus, OH  43215
FAX: 1 866 429 9014

**RE:    Elijah Whaley**                                    **Complaint #:  1000239**
**REF#  170755624**

Dear Mr. Joseph:

Our office recently received your correspondence regarding the above mentioned consumer's Experian credit report.

In Mr. Whaley's complaint, he indicated that he had disputed several accounts with Experian and had not received a response to those disputes. Additionally, he is requesting non-account inquiries be removed and to be opted out of promotional products. Furthermore, he is requesting the accounts be remove from his Experian credit report.

Our records indicate that we previously conducted a reinvestigation regarding the General Electric, Bridgecrest & Capital One. The creditor verified the accuracy of the accounts.  Results of the reinvestigations were provided directly to Mr. Whaley in February 2022.

If Mr. Whaley disagrees with the results of the reinvestigation, it is his legal right, under the FCRA, to add a 100-word statement specifying the nature of their dispute.  The statement will appear with the item as long as the item remains on the credit report.

Any further concerns regarding the disputed information may need to be directed to the creditors reporting this information.  Please refer to the consumer's original personal credit reports for the furnisher or public records office name, address, and phone number (if available).

If you have any additional supporting documentation regarding the disputed information, please forward that to my attention for review.

By federal law, your consumer's personal credit report must list all organizations that have requested your consumer's credit history.  In accordance with the Fair Credit Reporting Act (FCRA), entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted your client credit or with whom your client has applied for credit, or entities collecting on transactions that your client initiated or on judgments rendered against your client, are permitted to make inquiries on your client's credit report. Requests for your consumer's credit history remain on the personal credit report for at least two years.



Experian Fax          4/14/2022 4:18:13 PM   PAGE   3/003   Fax Server



P.O. Box 1240
Allen, TX 75013-1240
www.experian.com

Michael Joseph
100239
April 6, 2022
Page 2

Thank you for bringing Mr. Whaley's complaint to our attention for review. It is our policy to respond to consumer complaints swiftly and to take each complaint seriously. If you have any questions, please contact me directly for assistance.

Sincerely,

Cheryl Beste
Senior Regulatory Affairs Associate
Experian Consumer Affairs
469 675 1638



108.    As demonstrated in the response from EXPERIAN INFORMATION SOLUTIONS, INC, willfully ignores both the constructive and formal notice as well as the letter that was mailed on December 28th, 2022.

110.  Further, pursuant to 18 U.S. Code § 1001 et seq, EXPERIAN INFORMATION SOLUTIONS, INC., knowingly and willingly presented materially false, fictious and fraudulent statements to a Government branch of the United States.

111.  Precisely on April 25th, 2022, at 2:59 pm Plaintiff replies to both Michael Joseph and EXPERIAN INFORMATION SOLUTIONS, INC. **See Exhibit 5.5 below.**



112.  Plaintiff uploads PDF documents reiterating federal violations of the Fair Credit Reporting Act that consumer reporting agencies are mandated to follow. **See Exhibit 5.5 through Exhibit 5.8 and Exhibit 1 for reference.**

113.  Plaintiff asserts that if EXPERIAN INFORMATION SOLUTIONS, INC., continues to willfully not comply with federal law, Plaintiff will pursue litigation against Defendant if unruly actions continue. **See Exhibit 5.5.**

114.  Within the PDF file Plaintiff states, "I Do not honor your correspondence or the negligence and lies that are spoken in it. But, I will address authority over it." **See Exhibit 5.6**

Elijah Whaley
4065 Brookdale Lane Unit 11
Dayton, Ohio 45440

Experian
P.O. Box 4500
Allen, Texas 75013

Experian
P.O. Box 9701
Allen, Texas 75013

Experian
Attention: Office of General Counsel
475 Anton Boulevard
Costa Mesa, California 92626

Michael Joseph
Consumer Complaint Specialist
Ohio Attorney General
30 East Broad Street 14th floor
Columbus, Ohio 43215-3400

April 25, 2022

Complaint ID: 1000239

This is a direct response to Equifax, received on April 20, 2022. I do not honor your correspondence or the negligence and lies that are spoken in it. But, I will address authority over it.

Experian is willfully breaking federal law through abusive practices and negligence. In fact, Experian is continuously under litigation from government agencies for violating federal law, and deceptive and abusive marketing practices. I genuinely find it embarrassing and a lack of upholding the position Equifax assumed in a consumer's credit profile and life, the gross incompetence and negligence demonstrated throughout this communication, click and paste reply, and the non-compliance put forth by Equifax to resolve this issue without pursuing legal action.

On December 28, 2021, I sent correspondence to Experian regarding details from my consumer credit profile. Under federal law mandated by Congress, pursuant to 15 U.S. Code § 1681i(5)(A), "...any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified (or you are too incompetent to conduct an investigation) in conjunction with 15 U.S. Code § 1681i(5)(A)(i), "promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate,

115. Plaintiff speaks of loss of consumer rights and negligent and willful ignorance of the law by Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., under the Fair Credit Reporting Act.

116. Attached to this consumer complaint Plaintiff reiterates EXPERIAN INFORMATION SOLUTIONS, INC., willful noncompliance to follow mandated laws set upon them by the Fair Credit Reporting Act.

117. Plaintiff continues asserting the response given is not a reasonable investigation, nor

INC., on December 28th, 2022. **See Exhibit 5.7 below.**

based on the results of the reinvestigation..." Please be advised, that Experian had thirty (30) days to conduct an investigation and five (5) days to let me, the consumer, know the results of the investigation and has failed to do so. Therefore, Experian is in direct violation of federal law and has willfully demonstrated non-compliance and negligence.

Under the FCRA (15 U.S. Code § 1681), Congress states, "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." Experian is effectively damaging not only the banking system but the entirety of the economy, and consumers. Experian has the obligation to uphold its responsibilities with fairness, impartiality, and respect for the consumer's right to privacy. None of this has happened; see 15 U.S. Code § 1681e(b), "...consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Furthermore, Experian has shown no effort in attempting to take responsibility for its actions throughout this endeavor and has willingly ignored all correspondence in regards to December 28, 2021. I will not call Experian or initiate a complaint via the portal, only to have my notice ignored once more and substituted by another subject. I have invested time, resources, and sleepless nights studying law and working on my business when I could have been sleeping with my son.

Experian does not follow guidelines set by the Fair Credit Reporting Act (FCRA), and any notion of that is utter and complete bullshit. On the record, CFPB (Consumer Financial Protection Bureau) director Rohit Chopra explicitly states, "Experian" is out of control. This is not my sole opinion, I am thoroughly exhausted by the gross incompetence and disregard of federal law demonstrated by Experian. I am a single dad with sole responsibility for a disabled four-year-old. I do not have the time to deal with your bullshit. Please be advised, that I am keeping a careful record of our communication. Failure to follow federal law will result in litigation against Experian.

119.    Plaintiff ends the letter speaking of exhausted efforts, sleepless nights, loss of time and financial opportunity while being a single father to a disabled child. **See Exhibit 5.8 below.**

Furthermore, Experian has shown no effort in attempting to take responsibility for its actions throughout this endeavor and has willingly ignored all correspondence in regards to December 28, 2021. I will not call Experian or initiate a complaint via the portal, only to have my notice ignored once more and substituted by another subject. I have invested time, resources, and sleepless nights studying law and working on my business when I could have been sleeping with my son.

Experian does not follow guidelines set by the Fair Credit Reporting Act (FCRA), and any notion of that is utter and complete bullshit. On the record, CFPB (Consumer Financial Protection Bureau) director Rohit Chopra explicitly states, "Experian" is out of control. This is not my sole opinion, I am thoroughly exhausted by the gross incompetence and disregard of federal law demonstrated by Experian. I am a single dad with sole responsibility for a disabled four-year-old. I do not have the time to deal with your bullshit. Please be advised, that I am keeping a careful record of our communication. Failure to follow federal law will result in litigation against Experian.

With all due respect,

120.     Approximately on May 2nd, 2022, at 9:16 am Michael Joseph emails Plaintiff stating in highlighted font, "If you wish to pursue this matter further, Small Claims Court may be an option if the amount involved is under $6,000. If over $6,000, you may wish to consult with a private attorney to discuss your options." **See Exhibit 5.9 below.**



121.     The Fair Credit Reporting Act mandates obligations upon consumer reporting agencies to reasonably and equitably respond to consumer disputes.

122.     There is no further response from EXPERIAN INFORMATION SOLUTIONS, INC., to the consumer complaint.

123.     EXPERIAN INFORMATION SOLUTIONS, INC., has not followed federal guidelines as mandated by Congress in relation to the Fair Credit Reporting Act.

124.     EXPERIAN INFORMATION SOLUTIONS, INC., has willfully non complied with federal law that governs the assumed role they assumed.

Receipt (RE:70220410000344539550).

127.   The notary states and confirms all proper documentation and correspondence, namely
the Affidavit was placed in the envelope by Plaintiff in front of them.

128.   It was sent approximately on April 12th, 2022, and accepted approximately on April
19th, 2022, 7:20 am in Costa Mesa, California 92628. **See Exhibit 7 below.**



129.   Under penalty of perjury Plaintiff stated firsthand knowledge of negligence and willful
compliance conducted by EXPERIAN INFORMATION SOLUTIONS, INC.

130.   Within the affidavit presented to EXPERIAN INFORMATION SOLUTIONS, INC.,
Plaintiff states, due to EXPERIAN INFORMATION SOLUTIONS, INC., actions

132.    EXPERIAN INFORMATION SOLUTIONS, INC., is in commercial dishonor for lack of response to the Affidavit from the date it was delivered.

133.    A Notice of Default in Commercial Dishonor and Opportunity to Cure addressed to EXPERIAN INFORMATION SOLUTIONS, INC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539703).

134.    It was mailed on May 18th, 2022, and accepted approximately on May 27th, 2022, 10:03 am in Costa Mesa, California 92628. **See Exhibit 7.1 below.**



135.    The notary states and confirms all proper documentation and correspondence, namely the Notice of Default in Commercial Dishonor and Opportunity to Cure, was placed in

138.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to rebut in the form of an Affidavit, point for point, within thirty-day period is acquiescence as tacit consent and agreement.

139.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to cure will constitute claims made through tacit procuration pertaining to Affidavit.

140.    Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, EXPERIAN INFORMATION SOLUTIONS, INC., and the general counsel are in default for the failure of non-performance, non-response, and commercial dishonor regarding the Affidavit of Facts that now stands as Truth and Judgment in Commerce.

141.    EXPERIAN INFORMATION SOLUTIONS, INC., replied to second consumer complaint through the Consumer Financial Protection Bureau (Complaint Number: 220413-8512972) approximately on June 2nd, 2022. **See Exhibit 4.4 for reference below.**

 Company responded

**STATUS**

Company responded on 6/2/2022

142.    The second consumer complaint through the Consumer Financial Protection Bureau (Complaint Number: 220413-8512972) was sent by Plaintiff on approximately on April 5th, 2022.

143.    It took EXPERIAN INFORMATION SOLUTIONS, INC., approximately **59?** number of days to respond to Plaintiff's second consumer complaint through the Consumer Financial Protection Bureau portal.

144.    Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., willfully and knowingly

## ✔ Company responded

**STATUS**

Company responded on 6/2/2022

**RESPONSE TYPE**

Closed with explanation

### Company's Response

Thank you for submitting your dispute on April 5, 2022, through the CFPB Complaint Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We have reviewed and considered the information you have supplied through the CFPB portal and directly to Experian. In your dispute you indicate that a consumer reporting agency cannot furnish data on your credit report without your written consent. You are requesting these items be removed. At your request to conduct a reinvestigation, we contacted the data furnisher and asked them to verify the accuracy of the information with which you disagree. They responded and verified that the disputed information was accurate as reported. The result summary was sent to you for review on April 14, 2022. If you have any additional supporting new documentation regarding the disputed information, you may forward that to Experian for further review. According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source and notifying them of the dispute and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue. We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information and send you the results. In some instances, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit Experian.com/disputeprocess. If you disagree with the results of the reinvestigations, it is your legal right, under the FCRA, to add a 100-word statement specifying the nature of your dispute. The consumer statement will appear on your credit report and be viewable upon inquiry. If you would like our assistance in providing a concise statement, please contact us directly at the telephone number or address provided on your personal credit report and we would be happy to assist you. You may refer to the credit report that you received for the name, phone number (if available) and address of the data furnisher who verified that information. Please note that accurate information cannot be deleted. Potentially negative items, such as missed or late payments, remains on the personal credit report for seven years from the date of the original missed payment. Please note that you may also submit your request or documents supporting your claim electronically at www.experian.com/upload. You may also visit Experian's dispute center by visiting www.experian.com/dispute. For additional assistance, you may call the toll-free telephone number provided on your personal credit report obtained directly from Experian, or write to Experian at P.O. Box 9701, Allen, TX 75013. For more information regarding your credit and frequently asked questions, you may visit: http://www.experian.com/blogs/ask-experian . Thank you for submitting your dispute through the CFPB Complaint Portal. It is our policy to respond to consumer complaints swiftly and to take each complaint seriously. We appreciate you letting us know about your experiences with Experian.

Plaintiff sent a complaint through the Consumer Financial Protection Bureau regarding a reinvestigation with second consumer complaint.

147.    Plaintiff did not request a reinvestigation into disputed items but solely reiterated the Fair Credit Reporting Act and the laws that govern the consumer reporting agencies.

148.    EXPERIAN INFORMATION SOLUTIONS, INC., neglected the supporting documentation Plaintiff sent regarding consumer credit profile dispute through the Consumer Financial Protection Bureau.

149.    In addition, with the Fair Credit Reporting Act, this inaction alone from Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is causation for Plaintiffs consumer disputes to be considered and permanently deleted from his consumer credit profile pursuant to the laws that govern consumer reporting agencies.

150.    Pursuant to the Fair Credit Reporting Act, consumer reporting agencies must conduct a consumer investigation within thirty (30) days, or delete the information being furnished on the consumer credit report.

151.    In addition, pursuant to the Fair Credit Reporting Act, consumer reporting agencies must notify the consumer within five (5) days of completion of consumer investigation.

152.    EXPERIAN INFORMATION SOLUTIONS, INC., failed to conduct a reasonable and equitable investigation within thirty (30) days to Plaintiff's consumer complaint.

153.    EXPERIAN INFORMATION SOLUTIONS, INC., also failed to notify Plaintiff of investigation results within five (5) days.

154.    EXPERIAN INFORMATION SOLUTIONS, INC., did not appropriately investigate the matter nor give any notice of the status of the investigation and reinvestigation within a satisfactory and timely manner.

155.    Through the Consumer Financial Protection Bureau EXPERIAN INFORMATION SOLUTIONS, INC., response to Plaintiff claims they have met all obligations

157.    EXPERIAN INFORMATION SOLUTIONS, INC., replied to the third consumer complaint through the Consumer Financial Protection Bureau approximately on June 10th, 2022. **See Exhibit 6.2 below.**

✓ Company responded

**STATUS**
Company responded on 6/10/2022

**RESPONSE TYPE**
Closed with non-monetary relief

158.    Likewise, with previous Consumer Financial Protection Bureau sent by Plaintiff EXPERIAN INFORMATION SOLUTIONS, INC., exceeded the mandated thirty days to complete an investigation and respond to the consumer through the Consumer Financial Protection Bureau.

159.    EXPERIAN INFORMATION SOLUTIONS, INC., took approximately 58 days to reply to the consumer complaint through the Consumer Financial Protection Bureau. **See Exhibit 6.2 above.**

160.    In addition, as previously discussed in regard to the Fair Credit Reporting Act, this inaction alone from Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., is causation for Plaintiffs consumer disputes to be considered and permanently deleted from his consumer credit profile pursuant to the laws that govern consumer reporting agencies.

161.    Pursuant to the Fair Credit Reporting Act, consumer reporting agencies must conduct a consumer investigation within thirty (30) days, or delete the information being furnished on the consumer credit report.

162.    In addition, pursuant to the Fair Credit Reporting Act, consumer reporting agencies

165. EXPERIAN INFORMATION SOLUTIONS, INC., did not appropriately investigate the matter nor give any notice of the status of the investigation and reinvestigation within a satisfactory and timely manner.

166. EXPERIAN INFORMATION SOLUTIONS, INC., Consumer Financial Protection Bureau response to consumer continue to continuously parrot the response of a data furnisher, or creditor, without ever properly conducting an investigation as required by the Fair Credit Reporting Act. **See Exhibit 6.3 below.**

✔ Company responded

**STATUS**
Company responded on 6/10/2022

**RESPONSE TYPE**
Closed with non-monetary relief

### Company's Response

Thank you for submitting your complaint on April 13, 2022, through the CFPB Complaint Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We have reviewed and considered the information you have supplied through the CFPB portal and directly to Experian. In your dispute you indicate that you have accounts and personal information on your report that are inaccurate. You request Experian remove the items from your report. Per your previous requests to conduct reinvestigations for the account(s) #1, we contacted the data furnisher(s) with details of your dispute. We asked them to verify the accuracy of the information with which you disagree. They had responded and verified that the disputed information was accurate as reported and it remains on your report with updates. The result summaries were sent to you on April 14, 2022, March 10, 2022 and February 9, 2022. Regarding the disputed account(s) #2, 3, our research indicates that you previously contacted Experian to request a reinvestigation regarding the disputed information. At your request to begin a reinvestigation, we contacted the data furnisher(s) to verify the accuracy of the information with which you disagree. The data furnisher(s) has verified the accuracy of the disputed information and the account #2 remains on your report as-is and account #3 remains on your report with updates. The results summary was sent to you, May 9, 2022, for review. Per your request, we have removed your name from

future prescreened offer mailing lists. We will notify Equifax, Trans Union, and Innovis of your request. According to our records, there were three accounts meeting the description given for #3, and two were deleted and one was updated. There were two accounts #10, and one was updated and one was deleted. There were three accounts #11 and all three were updated. There were two accounts #13 and one was deleted and one was updated. By federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years. Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it is accessed by others with a permissible purpose. These inquiries may affect your credit score. Other inquiries for your credit information are considered "soft" inquiries and do not affect your credit score. Some examples are: your current creditors to monitor your accounts; other creditors who want to offer you preapproved credit; an employer who wishes to extend an offer of employment; a potential investor assessing the risk of a current credit obligation; an end user to complete your mortgage loan application; and insurance underwriting (auto or home). These inquiries appear under the heading "Inquiries shared only with you" on your personal credit report and are not seen by anyone but you (except insurance companies may be able to see other insurance company inquiries). If you disagree with the results of the reinvestigations, it is your legal right, under the FCRA, to add a 100-word statement specifying the nature of your dispute. The consumer statement will appear on your credit report and be viewable upon inquiry. If you would like our assistance in providing a concise statement, please contact us directly at the telephone number or address provided on your personal credit report and we would be happy to assist you. According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, and notifying them of the dispute and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue. We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit Experian.com/disputeprocess. If you are in need of assistance from the other Credit Reporting Agencies you may use the following contact information: You may contact Trans Union at: P.O. Box 1000 Chester, PA 19022 1 800 888 4213 www.transunion.com Equifax may be contacted at: P.O. Box 740241 Atlanta, GA, 30374 1 800 685 1111 www.equifax.com Innovis may be contacted at: P.O. Box 1689 Pittsburgh, PA 15230 1 800 540 2505 For additional assistance, you may call the toll free telephone number provided on your personal credit report obtained directly from Experian, or write to Experian at P.O. Box 9701, Allen, TX 75013. For more information regarding your credit and frequently asked questions, you may visit: http://www.experian.com/blogs/ask-experian. For additional information related to fraud, please visit our website at: https://www.experian.com/fraud/center.html or you may call

SOLUTIONS, INC., continuously continues the practice of parroting the response from data furnishers even though Defendant has been repeatedly sued for failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

168. In addition, EXPERIAN INFORMATION SOLUTIONS, INC., improperly assumes Plaintiff sent a complaint through the Consumer Financial Protection Bureau regarding a reinvestigation with second consumer complaint.

169. Plaintiff did not request a reinvestigation into disputed items but solely reiterated the Fair Credit Reporting Act and the laws that govern the consumer reporting agencies.

170. EXPERIAN INFORMATION SOLUTIONS, INC., neglected the supporting documentation Plaintiff sent regarding consumer credit profile dispute through the Consumer Financial Protection Bureau.

171. EXPERIAN INFORMATION SOLUTIONS, INC., did not appropriately investigate the matter nor give any notice of the status of the investigation and reinvestigation within a satisfactory and timely manner.

172. Through the Consumer Financial Protection Bureau EXPERIAN INFORMATION SOLUTIONS, INC., response to Plaintiff claims they have met all obligations stipulating from the Fair Credit Reporting Act.

173. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., claims they will not be making any alterations to the consumer credit profile.

174. A Final Notice to Cure addressed to EXPERIAN INFORMATION SOLUTIONS, INC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344543311)

175. A Final Notice to Cure was mailed on approximately on October 6th, 2022.

176. The Final Notice to Cure was accepted approximately on October 14th, 2022, at 11:00 am in Costa Mesa, California 92628. **See Exhibit 7.2 below.**



177.    The notary states and confirms all proper documentation and correspondence, namely

        The Final Notice to Cure, was placed in the envelope by Plaintiff in front of them.

178.    Within the Final Notice to Cure included, in the situation of a bona fide error, or

        miscommunication three days exclusive of date delivered to respond.

179.    Within the Final Notice to Cure included all recorded correspondence, and Fair Credit

        Reporting Act violations.

180.    In addition, the Final Notice to Cure included an invoice for federal violations of the

        Fair Credit Reporting Act.

INVOICE - EXPERIAN FEDERAL
VIOLATIONS FINAL NOTICE TO CURE

## Elijah Whaley

INV0023

6957 SPRINGFARM COURT

DAYTON

45459

937-814-6386

ElijahNyles@gmail.com

**DATE**

Oct 6, 2022

**DUE**

On Receipt

**BALANCE DUE**

USD $131,000.00

**BILL TO**

## Experian

c/o General Counsel

475 Anton Blvd

Costa Mesa, California

92626

| DESCRIPTION | RATE | QTY | AMOUNT |
| --- | --- | --- | --- |
| **Violation of Federal Law 15 U.S. Code § 1681n**<br>Natural consumer is seeking monetary remedy through consumer administrative process for violation of federal law and damages. | $0.00 | 1 | $0.00 |
| **Violation of Federal Law 15 U.S. Code § 1681(b)**<br>Consumer Reporting Agency has not performed assumed role of adopting reasonable, accurate and equitable procedures to the natural consumer. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681b(a)(2)**<br>Natural consumer never gave written instructions for furnishing. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681c(a)(4)**<br>Consumer Reporting Agency falsely places information on consumer credit report. | $1,000.00 | 2 | $2,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681e(b)**<br>Consumer Reporting Agency failed to maintain maximum accuracy of consumer credit report with personal information and three accounts. | $1,000.00 | 3 | $3,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(1)(A)**<br>Consumer Reporting Agency failed to conduct a investigation of the three disputed accounts within federally mandated time frame of 30 days. | $3,000.00 | 6 | $18,000.00 |

On December 28, 2022, Consumer Reporting Agency failed to properly respond

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| regarding three disputes. | | | |
| On January 19, 2022. Consumer Reporting Agency failed to properly respond regarding three disputes. | | | |
| On February 27, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes. | | | |
| On April 4, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes. | | | |
| On April 13, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes. | | | |
| On September 6, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(2)(A)** Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | $3,000.00 | 6 | $18,000.00 |
| On December 28, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On January 19, 2022. Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On February 27, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On April 4, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On April 13, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| On September 6, 2022, Consumer Reporting Agency failed to send notice of all relevant information from the dispute within the mandated 5-day timeframe. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(3)(C)(i)** Consumer Reporting Agency falsely and unlawfully decided not to investigate dispute and did not cite reasons for determination. | $1,000.00 | 1 | $1,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(3)(C)(iii)** Consumer Reporting Agency falsely and unlawfully decided not to investigate dispute and did not identify any potential missing information required to investigate. | $1,000.00 | 1 | $1,000.00 |

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(5)(A)(i)**<br>Consumer Reporting Agency failed to properly respond to first dispute sent on December 28, 2021 within 30 days because of this Consumer Reporting Agency was mandated by federal law to delete everything in dispute.<br><br>On January 19, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated.<br><br>On February 27, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated.<br><br>On April 4, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated.<br><br>On April 13, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated.<br><br>On September 6, 2022, Consumer Reporting Agency failed to properly respond regarding three disputes within 30 days and delete information as federally mandated. | $1,000.00 | 6 | $6,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(A)**<br>Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. This happened regarding three separate disputes was completed on January 19, 2022.<br><br>On February 27, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required.<br><br>On April 4, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required.<br><br>On April 11, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required.<br><br>On April 13, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required.<br><br>On September 6, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required.<br><br>On September 13, 2022, Consumer Reporting Agency failed to properly send | $3,000.00 | 8 | $24,000.00 |

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 22, 2022, Consumer Reporting Agency failed to properly send notice the re-investigation was complete within the federally mandated five days required. | | | |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(B)(i)** Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. This happened regarding three separate disputes was completed on January 19, 2022. | $3,000.00 | 8 | $24,000.00 |
| On February 27, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 4, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 11, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On April 13, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 6, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 13, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |
| On September 22, 2022, Consumer Reporting Agency failed to properly send written notice the re-investigation was complete within the federally mandated five days required. | | | |

| DESCRIPTION | RATE | QTY | AMOUNT |
|---|---|---|---|
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(B)(ii)**<br>Consumer Reporting Agency failed to send a consumer credit report based upon "profile" it is revised as a result of the re-investigation regarding three disputes.<br><br>On January 19, 2022.<br>On February 27, 2022.<br>On April 4, 2022.<br>On April 11, 2022.<br>On April 13, 2022.<br>On September 6, 2022.<br>On September 13, 2022.<br>On September 22, 2022. | $3,000.00 | 8 | $24,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(6)(B)(iii)**<br>Consumer Reporting Agency failed to give description of and procedure used to determine accuracy. Which department of employees, managers, or neighbors were spoken to pursuant to federal law 15 U.S. Code § 1681a(e). | $1,000.00 | 2 | $2,000.00 |
| **Violation of Federal Law 15 U.S. Code § 1681i(a)(7)**<br>Consumer Reporting Agency failed to give description of and procedure used to determine accuracy. Which department of employees, managers, or neighbors were spoken to pursuant to federal law 15 U.S. Code § 1681a(e), within 15 days of the date consumer demanded in regards to three disputes. | $3,000.00 | 2 | $6,000.00 |

| | | |
|---|---|---|
| | SUBTOTAL | $131,000.00 |
| | TAX (0%) | $0.00 |
| The natural born consumer is demanding a certified check be mailed to the place of abode and applicable state and federal laws to be followed swiftly with the immediate deletion and payment history reflected on my consumer credit profile. | TOTAL | $131,000.00 |
| | BALANCE DUE | **USD $131,000.00** |

182.  EXPERIAN INFORMATION SOLUTIONS, INC., has not replied to Final Notice to

Cure.

183.  As a direct and proximate cause of the Defendants negligent and willful failure to

comply with the Fair Credit Reporting Act, 15 U.S. Code § 1681 et seq., Plaintiff has

suffered statutory, credit and emotional damages.

184.  Plaintiff's income has suffered a reduction of more than eighty percent compared to last

year, due to Defendants negligent and willful nature to correct consumer credit report.

**See Exhibit 9 below.**

**Electronic Filing Instructions for your 2021 Federal Tax Return**
Important: Your taxes are not finished until all required steps are completed. intuit turbotax.

Elijah N Whaley
4065 Brookdale Ln, Apt. 11
Dayton, OH 45440-3596

| | |
|---|---|
| **Balance Due/ Refund** | Your federal tax return (Form 1040) shows a refund due to you in the amount of $17,227.00. Applicable fees were deducted from your original refund amount of $17,227.00. Your refund is now $17,020.00. Because you chose to have your TurboTax fees deducted from your refund, you will receive e-mail from Green Dot Bank, which handles this transaction. Your tax refund will be direct deposited into your account. The account information you entered - Account Number: 7129877770 Routing Transit Number: 101205681. |
| **When Will You Get Your Refund?** | The IRS issued more than 9 out of 10 refunds to taxpayers in less than 21 days last year. The same results are expected in 2022. To get your estimated refund date from TurboTax, log into My TurboTax at www.turbotax.com. If you do not receive your refund within 21 days, or the amount you get is not what you expected, contact the Internal Revenue Service directly at 1-800-829-4477. You can also check www.irs.gov and select the "Where's my refund?" link. |
| **What You Need to Keep** | Your Electronic Filing Instructions (this form) A copy of your federal return |
| **2021** | Adjusted Gross Income $ 102,940.00 |

185.   Because of this inaccuracy being reported in Plaintiffs consumer report they have

missed numerous financial, investment deals, and business funding in excess of

$250,000.

186.   Pursuant to 15 U.S. Code § 1681a(d), EXPERIAN INFORMATION SOLUTIONS,

INC., has actively defamed Plaintiffs character and general reputation through false and

misleading furnishing of consumer report.

187.   Due to the Defendants failure to correct the errors in his credit file, Plaintiff has been

forced to refrain from applying for new credit or more favorable terms on existing

credit lines.

188.   In addition, due to Defendants negligent and willful failure to comply with the Fair

Credit Reporting Act, Plaintiff has suffered an evident and significant loss of income

compared to previous year due to the inability to have both consumer and business

credit extended due to inaccurate and false furnishing of consumer report.

## COUNT I
## DEFAULT SUMMARY JUDGEMENT ESTOPPEL BY SILENCE

190.    Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

191.    There is a valid contract between Mr. Whaley and EXPERIAN INFORMATION SOLUTIONS, INC., this is evident standing under Article 1, Section 10, Clause 1 of the Constitution.

192.    There is no question of proper dispatch of correspondence, all mail was properly addressed to EXPERIAN INFORMATION SOLUTIONS, INC.

193.    All postage addressed to and accepted by EXPERIAN INFORMATION SOLUTIONS, INC. followed deposited acceptance rule.

194.    An Affidavit of Facts addressed to EXPERIAN INFORMATION SOLUTIONS, INC. was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539550)

195.    It was sent approximately on April 12th, 2022, and accepted approximately on April 19th, 2022, 7:20 am in Costa Mesa, California 92628.

196.    Under penalty of perjury Plaintiff stated firsthand knowledge of negligence and willful noncompliance conducted by EXPERIAN INFORMATION SOLUTIONS, INC.

197.    Within the affidavit presented to EXPERIAN, Plaintiff states, due to EXPERIAN INFORMATION SOLUTIONS, INC., actions they have missed negotiable terms of consumer credit, extensions of consumer credit, business opportunities and mental anguish.

formal notice pursuant to 15 U.S. Code § 1681i et seq, and Uniform Commercial Code § 1-202. Notice; Knowledge.

200.     EXPERIAN INFORMATION SOLUTIONS, INC., is in commercial dishonor for lack of response to the Affidavit.

201.     However, narrow the situation, as found in common law, Restatement (Second) of Contracts, or Brian Blum's Textbook "Contracts: Examples & Explanations", Fourth Edition, page 74, "When there is a duty to speak or respond, silence or inaction can be deemed as acceptance, only in those narrow circumstances when there is a duty to speak or respond."

202.     As EXPERIAN INFORMATION SOLUTIONS, INC., is a nationwide consumer reporting agency governed by the Fair Credit Reporting Act, they have mandated duties and obligations to respond to consumer disputes, set upon them by Congress for assuming said role.

203.     The second consumer dispute, Plaintiff placed EXPERIAN INFORMATION SOLUTIONS, INC., on constructive and formal notice for furnishment of misleading information pursuant to pursuant to 15 U.S. Code § 1681i et seq, and Uniform Commercial Code § 1-202. Notice; Knowledge.

204.     A Notice of Default in Commercial Dishonor and Opportunity to Cure addressed to EXPERIAN INFORMATION SOLUTIONS, INC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344539703) pursuant to Uniform Commercial Code § 3-501. PRESENTMENT.

205.     It was mailed on May 18th, 2022, and accepted approximately on May 27th, 2022, 10:03 am in Costa Mesa, California 92628.

206.     Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it

period is acquiescence as tacit consent and agreement.

209. Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, failure to cure will constitute claims made through tacit procuration pertaining to Affidavit.

210. Within the Notice of Default in Commercial Dishonor and Opportunity to Cure it states, EXPERIAN INFORMATION SOLUTIONS, INC., and the general counsel are in default for the failure of non-performance, nonresponse, and commercial dishonor regarding the Affidavit of Facts that now stands as Truth and Judgment in Commerce.

211. EXPERIAN INFORMATION SOLUTIONS, INC., willfully failed to respond to both the constructive notice and opportunity to cure pursuant to Uniform Commercial Code § 3-502. DISHONOR.

212. A Final Notice to Cure addressed to EXPERIAN INFORMATION SOLUTIONS, INC., was mailed via United States Postal Service, Certified Mail, with Domestic Return Receipt (70220410000344543311)

213. A Final Notice to Cure was mailed on approximately on October 6th, 2022.

214. The Final Notice to Cure was accepted approximately on October 14th, 2022, at 11:00 am in Costa Mesa, California 92628.

215. Within the Final Notice to Cure included, Mr. Whaley included in the situation of a bona fide error, or miscommunication three days exclusive of date delivered to respond.

216. Within the Final Notice to Cure included all recorded correspondence, and Fair Credit Reporting Act violations.

217. In addition, the Final Notice to Cure included an invoice for federal violations of the Fair Credit Reporting Act.

218. The approximate amount of the invoice is $131,000.00.

221.    Through multiple points of correspondence pursuant to 15 U.S. Code 1681i et seq,

Uniform Commercial Code § 1-202. Notice; Knowledge., § 3-502. DISHONOR., § 3-

505. EVIDENCE OF DISHONOR. EXPERIAN INFORMATION SOLUTIONS,

INC., had an obligation to respond.

222.    There were opportunities to rebut, speak, and in addition there was both a duty and

obligation to do so from EXPERIAN INFORMATION SOLUTIONS, INC., and

respond to Mr. Whaley who has acted in good faith while trying to resolve this matter

through the constructive notice, Affidavit of Facts, Presentment, Dishonor and

numerous Opportunities to Cure. All which EXPERIAN INFORMATION

SOLUTIONS, INC., willingly failed to do which has resulted in an Estoppel by

Silence.

223.    There is no genuine issue of material fact present and Mr. Whaley is entitled to

summary judgement as a matter of law.

WHEREFOR PLAINTIFF PRAYS, and respectfully requests this Honorable Court

grant a default summary judgement in Plaintiffs favor on all issues applicable

and award monetary relief in the approximate amount of $131,000.00.

## COUNT II
### DEFAMATION OF CHARACTER BY EXPERIAN INFORMATION SOLUTIONS, INC.

224.    Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional

allegations and general factual allegations.

225.    In enacting the Fair Credit Reporting Act, Congress made several findings, including

that consumer reporting agencies have assumed a vital role in assembling and

which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

227. As an individual, Mr. Whaley is a consumer entitled to the protections of the Fair Credit Reporting Act and the protections offered therein.

228. Defendant EXPERIAN INFORMATION SOLUTIONS, INC., has prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Whaley as that term is defined in 15 U.S. Code § 1681a et seq.

229. The information being furnished by EXPERIAN INFORMATION SOLUTIONS, INC., within the consumer credit report implies Mr. Whaley is a substantial risk to financial institutions or those who are in the business of extending credit to consumers.

230. Such reports contained information about Mr. Whaley that is false, misleading, and inaccurate.

231. As a consumer reporting agency, Defendant's actions or inactions that allowed for the false furnishment of consumer credit reports also violate its duties and obligations as a credit reporting agency under the Fair Credit Reporting Act. Defendant's actions or inactions that allowed for inaccurate credit entries to be included on Experian consumer credit reports also violate its duties and obligations as a credit reporting agency under the Fair Credit Reporting Act. Defendant's conduct when furnishing credit reports to businesses about Mr. Whaley when Experian had no reasonable belief that the reports would be provided for a permissible purpose also violates its duties and obligations under the Fair Credit Reporting Act.

232. Due to the Defendant's willful ongoing failure to correct the errors in Mr. Whaley's

associating or dealing with him.

234. EXPERIAN INFORMATION SOLUTIONS, INC., has actively defamed Mr. Whaley's character and general reputation of Mr. Whaley pursuant to 15 U.S. Code § 1681(a)(2).

235. EXPERIAN INFORMATION SOLUTIONS, INC., continued to furnish and report inaccurate information after being placed on constructive and formal notice of inaccuracies and the federal laws that govern consumer reporting agencies, which they must adhere to.

236. The Fair Credit Reporting Act requires Experian, as a consumer reporting agency, to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S. Code § 1681e(a).

237. Experian failed to maintain reasonable procedures designed insure the maximum possible accuracy of the information concerning of the information concerning the consumer credit reports, due to willfully, intentionally, recklessly, negligently, and knowingly furnishing false information, Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Pursuant to 15 U.S. Code § 1681e(b).

238. EXPERIAN INFORMATION SOLUTIONS, INC., failed to conduct any independent investigation, but instead relied entirely on the data furnisher to verify the tradeline, when EXPERIAN INFORMATION SOLUTIONS, INC., could have done something with the information Mr. Whaley provided.

239. In addition to running afoul of the Fair Credit Reporting Acts accuracy provisions, because Experian uses insufficient methods of verification through automated means and negligently and willfully disregards Mr. Whaley's consumer complaints and disputes, Experian improperly relied on its these procedures, which were patently

failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

241. As alleged in detail herein, both Experian's independent verification practices and procedures are so severely deficient or nonexistent, despite its knowledge of the Fair Credit Reporting and its knowledge that the information contained within Experian's systems and Experian consumer account relating to Mr. Whaley was false, Experian in fact voluntarily and for all practical purposes knowingly offered, provided, and furnished this inaccurate information and subsequently profited from the results.

242. EXPERIAN INFORMATION SOLUTIONS, INC., has not adopted reasonable procedures that are fair and equitable, to Mr. Whaley, regarding the confidentiality, accuracy and relevancy pursuant to 15 U.S. Code § 1681(b), and have negligently through lack of procedures has with gross incompetence violated Mr. Whaley's consumer rights pertaining to the Fair Credit Reporting Act.

243. EXPERIAN INFORMATION SOLUTIONS, INC., has negligently and willfully refused to follow federal law mandating reasonable procedures for consumer disputes pursuant to 15 U.S. Code § 1681i et seq.

244. EXPERIAN INFORMATION SOLUTIONS, INC., negligently and in conjunction, willfully failed to review all relevant information available to them in conducting investigations as required by and provided by EXPERIAN INFORMATION SOLUTIONS, INC., in conducting its reinvestigation as required by 15 U.S. Code § 1681i et seq.

245. EXPERIAN INFORMATION SOLUTIONS, INC., refused to delete or modify Mr. Whaley's information contained on his consumer credit report after placed on constructive and formal notice the information was misleading and false.

246. As a direct and proximate cause of EXPERIAN INFORMATION SOLUTIONS, INC., negligent and willful failure to perform its duties under the Fair Credit Reporting Act

credit lines.

248. Mr. Whaley has also experienced undue stress and anxiety due to Defendants failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants violations of the Fair Credit Reporting Act.

249. EXPERIAN INFORMATION SOLUTIONS, INC., is liable to Mr. Whaley by reason of its violations of the Fair Credit Reporting Act in an amount to be determined by the trier fact together with applicable and reasonable attorneys' fees pursuant to 15 U.S. Code § 1681o.

250. Mr. Whaley has a private right of action to assert claims against EXPERIAN INFORMATION SOLUTIONS, INC., arising under 15 U.S. Code § 1681o.

251. By furnishing these false statements, EXPERIAN INFORMATION SOLUTIONS, INC., caused harm to Mr. Whaley's general mode of living and reputation.

252. The substantial danger of injury to Mr. Whaley's reputation from EXPERIAN INFORMATION SOLUTIONS, INC., false statements is readily apparent. Such inaccuracies in the furnishing of information are readily apparent. Such furnishment of inaccurate information contained within the consumer credit report would tend to harm the reputation of another as prevalent in in Pedro v. Equifax, Inc., 868 F.3d 1275, 1279–80 (11th Cit. 2017), the court held that false credit reporting itself is a concrete injury, reasoning that the harm bears a close relationship to that of the tort of defamation under Article III of the constitution.

253. Due to the Defendant's ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishment of consumer credit reporting, and has been forced to refrain from further applications.

254. EXPERIAN INFORMATION SOLUTIONS, INC., refused to delete or modify Mr. Whaley's information contained on his consumer credit report after placed on

256. Defendant's above-described wrongful actions, inaction and omissions, and want of ordinary care, in turn, directly and proximately caused no discernable investigation of Mr. Whaley's consumer credit report, in turn, directly and proximately resulted in the wrongful dissemination of Mr. Whaley's consumer credit report and inaccurate credit entries onto those reports.

257. Defendant's above-described wrongful actions, inaction and omissions, and want of ordinary care, in turn, directly and proximately caused no discernable investigation of Mr. Whaley's consumer credit report, in turn, directly and proximately directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the willful and knowing violation of the Fair Credit Reporting Act.

258. In addition, Experian's failure to comply with the foregoing requirements was willful because Experian knew or should have known, but recklessly disregarded, that its consumer complaint investigations, method of verification, reasonable timely responses, and  measures were inadequate and unreasonable and additional steps were necessary to protect the rights of consumers and Mr. Whaley. The willful and reckless nature of Experian's violations is supported by, among other things, its knowledge that its consumer complaint investigations procedures fall short of their peer consumer reporting agencies, the documented instances in which Experian was informed of the investigational failures by the Consumer Financial Protection Bureau, Experian's numerous other insufficiencies in the past, and Experian's knowledge of similar consumer dispute verification issues that remained unresolved and insufficient.

259. EXPERIAN INFORMATION SOLUTIONS, INC., false furnishing of information are libel per se because they impute to Mr. Whaley the commission of an irresponsible nature involving moral turpitude for which Mr. Whaley is not. Anyone who knows Mr. Whaley firsthand understands he is a financially responsible and a loving single dad.

his profession and business as an entrepreneur. Mr. Whaley therefore is entitled to presumed damages.

260. As a direct and proximate result of these false furnishment of information by EXPERIAN INFORMATION SOLUTIONS, INC., Mr. Whaley has suffered damages, including inter alia, injury to his reputation, harm to the ability to carry on in his profession, embarrassment, humiliation, and emotional distress, in an amount to be determined at trial.

261. EXPERIAN INFORMATION SOLUTIONS, INC., actions were malicious, willful and wanton, and evidence a conscious disregard for Mr. Whaley's rights. Accordingly, punitive damages are appropriate.

**WHEREFORE, PLAINTIFF PRAYS** and respectfully asks that this Honorable Court enter an award in Plaintiff's favor and against Defendant, as follows:

1. Awarding Mr. Whaley compensatory damages of not less than $500,000.00 or in such additional amount to be proven at trial;

2. Awarding Mr. Whaley punitive damages to the maximum extent permitted by the laws of this Honorable Court, but not less than $200,000.00;

3. Awarding Mr. Whaley all of his expenses and costs, including any applicable attorneys' fees; and

4. Granting such other and further relief as the Court deems appropriate.

## COUNT III
### NEGLIGENCE VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN INFORMATION SOLUTIONS, INC.

Reporting Act by failing to identify, implement, maintain and monitor the proper

consumer investigation or verification within a timely manner or at all, and data

security measures, policies, procedures, protocols, and software and hardware systems

to have maximum accuracy reporting Mr. Whaley's consumer credit report.

264.     In enacting the Fair Credit Reporting Act, Congress made several findings, including

that consumer reporting agencies have assumed a vital role in assembling and

evaluating consumer credit information and other consumer information and "[t]here is

a need to insure that consumer reporting agencies exercise their grave responsibilities

with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.

Code § 1681(a)(4) (emphasis added).

265.     Defendant EXPERIAN INFORMATION SOLUTIONS, INC., prepared, compiled,

issued, assembled, transferred, published, and otherwise reproduced consumer reports

regarding Mr. Whaley as that term is defined in 15 U.S. Code § 1681a et seq.

266.     It was reasonably foreseeable to Defendant, that its failure to identify, implement,

respond timely and reasonably, conduct proper and reasonable investigations into Mr.

Whaley's consumer disputes and have proper verification measures, policies,

procedures, protocols, and software and hardware systems to have maximum accuracy

reporting Mr. Whaley's consumer credit report, whereby Mr. Whaley's consumer credit

report would contain misleading information, thereby compromising the maximum

accuracy, reputation, and undermine the banking system and economy as stated in 15

U.S. Code § 1681.

267.     Under 15 U.S. Code §1681a(f), a "consumer reporting agency" includes any person

which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in

whole or in part, in the practice of assembling or evaluating consumer credit

information or other consumer information for the purpose of furnishing "consumer

reports" to third parties, and which uses any means or facility of interstate commerce

within the consumer credit report implies Mr. Whaley is a risk to financial institutions or those who are in the business of extending credit to consumers.

271. Such reports contained information about Mr. Whaley that is false, misleading, and inaccurate.

272. EXPERIAN INFORMATION SOLUTIONS, INC., negligently failed to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Whaley, in violation of 15 U.S.C. § 1681e(b).

273. Once Mr. Whaley, mailed the initial consumer dispute to EXPERIAN INFORMATION SOLUTIONS, INC., Defendant both negligently through gross maintenance and procedures failed to investigate said consumer dispute as mandated under the Fair Credit Reporting Act, pursuant to 15 U.S. Code § 1681i(a)(1)(A). Likewise, Experian failed to properly both send notice to data furnishers and proper disclosures along with consumer credit report in relation to 15 U.S. Code § 1681i(a)(2)(A), U.S. Code § 1681i(B) et seq., 15 U.S. Code § 1681i(6)(A), et seq.

274. After Mr. Whaley failed to receive consumer investigational results, Mr. Whaley contacted the Consumer Financial Protection regarding to Experian's numerous failures and procedures in place such as grossly exceeding the lawfully time placed on consumer reporting agencies to complete a consumer investigation within thirty (30) days.

275. In conjunction, during this allotted consumer investigational time period Experian, failed to conduct consumer investigations or complete consumer investigation with the upmost accuracy and reasonable procedures equitable to the consumer to whom it pertains, as mandated in the Fair Credit Reporting Act. Likewise, Experian must either permanently delete or modify the information within the consumer credit report based

credit report.

276. EXPERIAN INFORMATION SOLUTIONS, INC., with gross procedures has negligently violated 15 U.S. Code § 1681i(a), by failing to delete inaccurate information from the credit file of Mr. Whaley after receiving constructive and formal notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures in place with accordance with the Fair Credit Reporting Act in which to Experian must verify the disputed information in the consumer credit file of the Mr. Whaley. Experian failed to either delete or modify the information contained within the consumer credit report.

277. EXPERIAN INFORMATION SOLUTIONS, INC., has negligently failed to comply with the Fair Credit Reporting Act. The failure of EXPERIAN INFORMATION SOLUTIONS, INC., to comply with the Fair Credit Reporting Act includes but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous information on the consumer credit report after receiving constructive and formal notice from Mr. Whaley after failure to conduct a consumer investigation demanded by Mr. Whaley;

c) The failure to remove and correct the inaccuracy and derogatory credit information after failure to conduct a consumer investigation on multiple counts pursuant to 15 U.S. Code § 1681i et seq;

d) The continual failure to promptly, reasonably to conduct a consumer dispute investigation within thirty days.

e) The failure to promptly and adequately investigate information which Defendant EXPERIAN INFORMATION SOLUTIONS, INC., had constructive and formal notice

U.S. Code § 1681i(5) et seq;

h) The failure to take adequate steps to verify information EXPERIAN INFORMATION SOLUTIONS, INC., had reason to believe was inaccurate before including it in the consumer credit report of the consumer.

278. The substantial danger of injury to Mr. Whaley's reputation from EXPERIAN INFORMATION SOLUTIONS, INC., false statements is readily apparent. Such inaccuracies in the furnishing of information are readily apparent. Such furnishment of inaccurate information contained within the consumer credit report would tend to harm the reputation of another as prevalent in in Pedro v. Equifax, Inc., 868 F.3d 1275, 1279–80 (11th Cit. 2017), the court held that false credit reporting itself is a concrete injury, reasoning that the harm bears a close relationship to that of the tort of defamation under Article III of the constitution.

279. Due to the Defendant's ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishment of consumer credit reporting, and has been forced to refrain from further applications.

280. Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care, and the resulting consumer dispute investigational failures, directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the negligent violation of Fair Credit Reporting Act. Had Defendant not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, Mr. Whaley would not have suffered these injuries, would have been properly protected by the Fair Credit Reporting Act, and his consumer credit report would not have been furnishing inaccurate and misleading information. Mr. Whaley, therefore, is entitled to injunctive relief, and compensation for his economic damages, and other actual injury and harm in the form of, inter alia, (i) his lost time and resources trying to resolve this matter, (ii) the numerous missed financial and

282. Mr. Whaley seeks to recover Fair Credit Report Act statutory damages to the fullest extent allowable by law.

**WHEREFORE, PLAINTIFF PRAYS** and respectfully asks that this Honorable Court enter an award in Plaintiff's favor and against Defendant, as follows:

1. Awarding Mr. Whaley statutory damages of not less than $10,000.00 or in such additional amount;

2. Awarding Mr. Whaley punitive damages to the maximum extent permitted by the laws of this Honorable Court, but not less than $25,000.00;

3. Awarding Mr. Whaley all of his expenses and costs, including applicable attorneys' fees; and;

4. Granting such other and further relief as the Court deems appropriate.

**COUNT IV**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN INFORMATION SOLUTIONS, INC.**

290. Under penalty of perjury, Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

291. In the alternative, by their above-described wrongful actions, inaction and omissions, want of ordinary care, and the resulting consumer dispute investigational failures, Defendant willfully or in a grossly willful manner violated the Fair Credit Reporting Act by failing to identify, implement, maintain and monitor the proper consumer investigation or verification within a timely manner or at all, and data security measures, policies, procedures, protocols, and software and hardware systems to have maximum

fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S. Code § 1681(a)(4) (emphasis added).

293. Under 15 U.S. Code §1681a(f), a "consumer reporting agency" includes any person which, for monetary fees or on a cooperative nonprofit basis, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing "consumer reports" to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

294. As an individual, Mr. Whaley is a consumer entitled to the protections of the Fair Credit Reporting Act and the protections offered therein.

295. It was reasonably foreseeable to Defendant, that its failure to identify, implement, respond timely and reasonably, conduct proper and reasonable investigations into Mr. Whaley's consumer disputes and have proper verification measures, policies, procedures, protocols, and software and hardware systems to have maximum accuracy reporting Mr. Whaley's consumer credit report, whereby Mr. Whaley's consumer credit report would contain misleading information, thereby compromising the maximum accuracy, reputation, and undermine the banking system and economy as stated in 15 U.S. Code § 1681.

296. Defendant EXPERIAN INFORMATION SOLUTIONS, INC., has prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Whaley as that term is defined in 15 U.S. Code § 1681a et seq.

297. Due to the Defendant's willful ongoing failure to correct the errors in Mr. Whaley's consumer credit file, Mr. Whaley has suffered statutory damages from the false furnishing of consumer credit reporting, and has been forced to refrain from further applications.

"maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S. Code § 1681e(a).

300. Experian failed to maintain reasonable procedures designed insure the maximum possible accuracy of the information concerning of the information concerning the consumer credit reports, due to willfully, intentionally, recklessly, negligently, and knowingly furnishing false information, Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Pursuant to 15 U.S. Code § 1681e(b).

301. EXPERIAN INFORMATION SOLUTIONS, INC., failed to conduct any independent investigation, but instead relied entirely on the data furnisher to verify the tradeline, when EXPERIAN INFORMATION SOLUTIONS, INC., could have done something with the information Mr. Whaley provided. Instead, EXPERIAN INFORMATION SOLUTIONS, INC., continues the practice of parroting the response from data furnishers even though Defendant has been repeatedly sued for failing to conduct a reasonable and equitable investigation as mandated by the Fair Credit Reporting Act.

302. In addition to running afoul of the Fair Credit Reporting Acts accuracy provisions, because Experian uses insufficient methods of verification through automated means and negligently and willfully disregards Mr. Whaley's consumer complaints and disputes, Experian improperly relied on its these procedures, which were patently unreasonable, and thus had no reason to believe that all of the information it included its consumer credit report was reasonably and equitably accurate.

303. As alleged in detail herein, both Experian's independent verification practices and procedures are so severely deficient or nonexistent, despite its knowledge of the Fair Credit Reporting and its knowledge that the information contained within Experian's systems and Experian consumer account relating to Mr. Whaley was false, Experian in

implement, maintain and monitor the proper consumer dispute and investigation or verification within a timely manner or at all, and data security measures, policies, procedures, protocols, and software and hardware systems to have maximum accuracy reporting Mr. Whaley's consumer credit report.

305. Once Mr. Whaley, mailed multiple consumer disputes to EXPERIAN INFORMATION SOLUTIONS, INC., Defendant willfully through previous knowledge, gross maintenance and procedures failed to investigate said consumer dispute multiple times as mandated under the Fair Credit Reporting Act, pursuant to 15 U.S. Code § 1681i(a)(1)(A). Likewise, Experian failed to properly both send notice to data furnishers and proper disclosures along with consumer credit report in relation to 15 U.S. Code § 1681i(a)(2)(A), U.S. Code § 1681i(B) et seq., 15 U.S. Code § 1681i(6)(A), et seq.

306. After Mr. Whaley failed to receive consumer investigational results, Mr. Whaley contacted the Consumer Financial Protection Bureau and respective Attorney General regarding to Experian's numerous failures and procedures in place such as grossly exceeding the lawfully time placed on consumer reporting agencies to complete a consumer investigation within thirty (30) days. Experian demonstrated willful and blatant disregard for consumer rights protected under the Fair Credit Reporting Act and the duties and obligations imposed onto consumer reporting agencies. Notably on multiple occasions Mr. Whaley would reiterate previous consumer dispute letters mailed to Experian, and the incompetence to complete a consumer investigation, and delete or modify the information contained within the consumer credit report as evidenced in Defendants above mentioned noncompliance.

307. In conjunction, during this allotted consumer investigational time period Experian, failed to conduct consumer investigations or complete consumer investigation with the upmost accuracy and reasonable procedures equitable to the consumer to whom it pertains, as mandated in the Fair Credit Reporting Act. Likewise, Experian must either permanently

delete the information contained within the consumer credit report.

308.   EXPERIAN INFORMATION SOLUTIONS, INC., with gross procedures has

negligently violated 15 U.S. Code § 1681i(a), by failing to delete inaccurate information

from the credit file of Mr. Whaley after receiving constructive and formal notice of such

inaccuracies and conducting reinvestigation and by failing to maintain reasonable

procedures in place with accordance with the Fair Credit Reporting Act in which to

Experian must verify the disputed information in the consumer credit file of the Mr.

Whaley. Experian failed to either delete or modify the information contained within the

consumer credit report.

309.   As evidenced herein, EXPERIAN INFORMATION SOLUTIONS, INC., has willfully

and blatantly failed to comply with the Fair Credit Reporting Act. The failure of

EXPERIAN INFORMATION SOLUTIONS, INC., to comply with the Fair Credit

Reporting Act includes but are not necessarily limited to the following:

i)   The continuous failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

j)   The failure to correct erroneous information on the consumer credit report after

receiving constructive and formal notice from Mr. Whaley after failure to conduct a

consumer investigation demanded by Mr. Whaley;

k)   The failure to remove and correct the inaccuracy and derogatory credit information after

failure to conduct a consumer investigation on multiple counts pursuant to 15 U.S.

Code § 1681i et seq;

l)   The continual failure to promptly, reasonably to conduct a consumer dispute

investigation within thirty days.

m)  The failure to promptly and adequately investigate information which Defendant

EXPERIAN INFORMATION SOLUTIONS, INC., had constructive and formal notice

U.S. Code § 1681i(5) et seq;

p) The failure to take adequate steps to verify information EXPERIAN INFORMATION SOLUTIONS, INC., had reason to believe was inaccurate before including it in the consumer credit report of the consumer.

309. The substantial danger of injury to Mr. Whaley's damage from EXPERIAN INFORMATION SOLUTIONS, INC., willful false furnishment and statements is readily apparent. Such inaccuracies in the furnishing of information are readily apparent. Such furnishment of inaccurate information contained within the consumer credit report would tend to harm the reputation of another as prevalent in in Pedro v. Equifax, Inc., 868 F.3d 1275, 1279–80 (11th Cit. 2017), the court held that false credit reporting itself is a concrete injury, reasoning that the harm bears a close relationship to that of the tort of defamation under Article III of the constitution.

310. EXPERIAN INFORMATION SOLUTIONS, INC., has not adopted reasonable procedures that are fair and equitable, to Mr. Whaley, regarding the confidentiality, accuracy and relevancy pursuant to 15 U.S. Code § 1681(b), and have willfully through lack of procedures has with gross incompetence violated Mr. Whaley's consumer rights pertaining to the Fair Credit Reporting Act.

311. EXPERIAN INFORMATION SOLUTIONS, INC., willfully failed to review all relevant information available to them in conducting investigations as required by and provided by EXPERIAN INFORMATION SOLUTIONS, INC., in conducting its reinvestigation as required by 15 U.S. Code § 1681i et seq.

312. At the time of information actively being furnished EXPERIAN INFORMATION SOLUTIONS, INC., knew the information contained within the consumer credit profile of Mr. Whaley was false.

313. Defendant's above-described wrongful actions, inaction and omissions, and want of ordinary care, in turn, directly and proximately caused no discernable investigation of

ordinary care, in turn, directly and proximately caused no discernable investigation of Mr. Whaley's consumer credit report, in turn, directly and proximately directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the willful and knowing violation of the Fair Credit Reporting Act.

315.    In addition, Experian's failure to comply with the foregoing requirements was willful because Experian knew or should have known, but recklessly disregarded, that its consumer complaint investigations, method of verification, reasonable timely responses, and measures were inadequate and unreasonable and additional steps were necessary to protect the rights of consumers and Mr. Whaley. The willful and reckless nature of Experian's violations is supported by, among other things, its knowledge that its consumer complaint investigations procedures fall short of their peer consumer reporting agencies, the documented instances in which Experian was informed of the investigational failures by the Consumer Financial Protection Bureau, Experian's numerous other insufficiencies in the past, and Experian's knowledge of similar consumer dispute verification issues that remained unresolved and insufficient.

316.    EXPERIAN INFORMATION SOLUTIONS, INC., refused to delete or modify Mr. Whaley's information contained on his consumer credit report after placed on constructive and formal notice the information was misleading and false.

317.    EXPERIAN INFORMATION SOLUTIONS, INC., has willfully refused to follow federal law mandating reasonable procedures for consumer disputes pursuant to 15 U.S. Code § 1681i et seq.

318.    It was reasonably foreseeable to Defendant, that its failure to identify, implement, respond timely and reasonably, conduct proper and reasonable investigations into Mr. Whaley's consumer disputes and have proper verification, data security measures, policies, procedures, protocols, and software and hardware systems to have maximum

319.   Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care, and the resulting consumer dispute investigational failures, directly and proximately caused Mr. Whaley to suffer economic damages and other actual injury and harm, and collectively constitute the negligent violation of Fair Credit Reporting Act. Had Defendant not engaged in such wrongful actions, inaction, omissions, and want of ordinary care, Mr. Whaley would not have suffered these injuries, would have been properly protected by the Fair Credit Reporting Act, and his consumer credit report would not have been furnishing inaccurate and misleading information. Mr. Whaley, therefore, is entitled to injunctive relief, and compensation for his economic damages, and other actual injury and harm in the form of, inter alia, (i) his lost time and resources trying to resolve this matter, (ii) the numerous missed financial and investment opportunities, (iii) the financial and temporal cost of monitoring his credit, monitoring their financial accounts, and mitigating his damages.

320.   As a direct and proximate cause of EXPERIAN INFORMATION SOLUTIONS, INC.'s negligent failure to perform its duties under the Fair Credit Reporting Act, Mr. Whaley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

321.   Mr. Whaley seeks to recover Fair Credit Report Act statutory damages to the fullest extent allowable by law.

**WHEREFORE, PLAINTIFF PRAYS** and respectfully asks that this Honorable Court enter an award in Plaintiff's favor and against Defendant, as follows:

1.     Awarding Mr. Whaley statutory damages of not less than $134,000.00 or in such additional amount;

2.     Awarding Mr. Whaley punitive damages to the maximum extent permitted by the laws of this Honorable Court, but not less than $250,000.00;

3.     Awarding Mr. Whaley all of his expenses and costs, including applicable

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury of all issues so applicable and triable.

Respectfully submitted,

November 29, 2022

/s/Elijah N. Whaley
6957 SpringFarm Court
Dayton, Ohio 45459
(937) 809-4479
ElijahWhaley@proton.me

## VERIFICATION

BEFORE ME personally appeared Elijah Whaley who, being by me first duly sworn and identified in accordance with Ohio law, deposes and says:

1. My name is Elijah Whaley, Plaintiff herein.

2. I have read and understood the attached foregoing complaint, and under penalty of perjury I say each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

STATE OF OHIO

COUNTY OF MONTGOMERY

SUBSCRIBED AND SWORN TO BEFORE ME, on the 29th day of November 2022

Signature _____ (Seal)

JAMES WILLIAM BAKER JR
Notary Public
State of Ohio
My Comm. Expires
April 7, 2026

NOTARY PUBLIC

My Commission expires: _April 7 2026_

_____
(Signature)

Elijah Whaley, Affiant