IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ELIJAH WHALEY, | |
| Plaintiff, | |
| v. | Case No. 3:22-cv-00356-MJN-CHG |
| EXPERIAN INFORMATION SOLUTIONS, INC., | Hon. Michael J. Newman |
| Defendant. | |

**REPLY MEMORANDUM IN SUPPORT OF
EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

                                                                                                              **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

PLAINTIFF MISSTATES THE LEGAL STANDARD ......................................................... 1

ARGUMENT ........................................................................................................................... 2

I.     PLAINTIFF'S ARGUMENTS ARE LEGALLY UNSUPPORTED, RELYING EITHER ON NON-EXISTENT CASES OR QUOTES ........................ 3

II.    PLAINTIFF'S COMPLAINT IS A QUINTESSENTIAL SHOTGUN PLEADING .................................................................................................................. 5

III.   PLAINTIFF'S CLAIMS ARE SUBSTANTIVELY DEFICIENT .......................... 7

        A.    Plaintiff recognizes that "Default Summary Judgment Estoppel By Silence" is not a real claim ................................................................... 7

        B.    The FCRA preempts Plaintiff's attempted defamation claim ...................... 7

        C.    Plaintiff fails to state an FCRA claim ........................................................... 8

                1.    Plaintiff does not plead a Section 1681e(b) claim ............................ 8

                2.    Plaintiff does not plausibly allege a Section 1681i(a) claim.............. 9

CONCLUSION ...................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................1, 8

*Avnet, Inc. v. RSG Real Est. Enterprises, LLC*,
    No. 3:14-CV-79, 2014 WL 10156610 (S.D. Ohio Dec. 18, 2014)............................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................1

*Brown v. Whirlpool Corp.*,
    996 F. Supp. 2d 623 (N.D. Ohio 2014)..................................................................1, 9

*Conley v. Gibson*,
    355 U.S. 41 (1957).........................................................................................................1

*Equal Employment Opportunity Commission v. J.H. Routh Packing Co.*,
    246 F.3d 850 (6th Cir. 2001) .......................................................................................6

*Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*,
    658 F. App'x 108 (3d Cir. 2016)..............................................................................1, 8

*Fordeley v. Fordeley*,
    11th Dist. Trumbull No. 2021-T-0020, 2023-Ohio-261 ............................................8

*Gorman v. Wolpoff & Abramson, LLP*,
    584 F.3d 1147 (9th Cir. 2009) ...................................................................................10

*Jae v. ChexSystems Inc.*,
    No. 4:18-CV-0206, 2018 WL 3368871 (N.D. Ohio July 10, 2018)....................8, 9

*Johnson v. Sherwin-Williams Co.*,
    152 F. Supp. 3d 1021 (N.D. Ohio 2015)....................................................................9

*Lee v. Ohio Educ. Ass'n*,
    951 F.3d 386 (6th Cir. 2020) .......................................................................................5

*McGee v. City of Cincinnati Police Dep't*,
    No. 1:06-CV-726, 2007 WL 1169374 (S.D. Ohio Apr. 18, 2007).........................8

*McNeil v. United States*,
    508 U.S. 106 (1993) ................................................................................................................2

*Multi-Media Distrib. Co. v. United States*,
    836 F. Supp. 606 (N.D. Ind. 1993) .........................................................................................5

*Nelski v. Trans Union, LLC*,
    86 F. App'x 840 (6th Cir. 2004) .............................................................................................8

*Parry v. ProCollect, Inc.*,
    No. 4:22-CV-00283-BCW, 2023 WL 2629897 (W.D. Mo. Feb. 10, 2023) ..........................10

*Precision Specialty Metals, Inc. v. United States*,
    315 F.3d 1346 (Fed. Cir. 2003) ..............................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ................................................................................................................1

*Tobias v. State of Mich.*,
    No. 18-1892, 2018 WL 8969133 (6th Cir. Dec. 17, 2018) ......................................................2

*Weiland v. Palm Beach Cty. Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015) ..........................................................................................5, 6

*Youn v. Track, Inc.*,
    324 F.3d 409 (6th Cir. 2003) ..................................................................................................5

**RULES**

Fed. R. Civ. P. 8 ..............................................................................................................4, 5, 6, 7

Fed. R. Civ. P. 10(b) ............................................................................................................5

Fed. R. Civ. R. 12(b)(6) ................................................................................................1, 4, 6

**STATUTES**

15 U.S.C.
    § 1681b(a) ..........................................................................................................................9
    § 1681e(b) ...................................................................................................................6, 8, 9
    § 1681h(e) ..........................................................................................................................7
    § 1681i ......................................................................................................................6, 9, 10
    § 1681s-2(a)(8)(E) ............................................................................................................10

Ohio Rev. Code Ann.
 § 4505.04(B) ........................................................................................................................8

**OTHER AUTHORITIES**

Hannah Rozear and Sarah Park, ChatGPT and Fake Citations, *Duke Univ. Libs.
 Blog* (March 9, 2023), https://blogs.library.duke.edu/blog/2023/03/09/chatgpt-
 and-fake-citations/................................................................................................................4

## INTRODUCTION

Plaintiff's "Memorandum in Support of Opposition" to Experian Information Solutions, Inc.'s Motion to Dismiss (Plaintiff's "Opposition")—spanning fifty pages—makes only one thing clear: dismissal of Plaintiff's Complaint is entirely warranted. Just like the Complaint, Plaintiff's Opposition follows no clear or discernable path. Instead, it is a series of overlapping, contradictory, and conclusory arguments. Plaintiff's status as a *pro se* litigant does not excuse his failure to comply with the Federal Rules of Civil Procedure and does not relieve him of the obligation to plead *facts* in support of his purported claims.

## PLAINTIFF MISSTATES THE LEGAL STANDARD

As explained in Defendant Experian Information Solutions, Inc's ("Experian") Motion to Dismiss, Plaintiff was required to allege sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff instead relies on *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), but its "no set of facts" standard is no longer good law—the Supreme Court "retired" that language in *Twombly*. 550 U.S. at 562-63.

While the Rule 12(b)(6) inquiry is based on the factual allegations contained in the Complaint, the Court can consider documents incorporated into the Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). But Plaintiff cannot rely exclusively on dozens of exhibits in place of pleading the facts material to his claims. *See, e.g.*, *Est. of Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("we cannot fault the District court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. Judges are not like pigs, hunting for truffles buried in the record.") (cleaned up). Nor can Plaintiff rely on unpled facts in opposing Experian's Motion to Dismiss. *See, e.g.*, *Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 645-46 (N.D. Ohio 2014) (dismissing

claim, explaining "raising new factual allegations in opposition to a motion to dismiss is improper.").

Finally, although *pro se* pleadings may be liberally construed, "*pro se* litigants must still comply with the procedural rules that govern civil cases." *Tobias v. State of Mich.*, No. 18-1892, 2018 WL 8969133, at *1 (6th Cir. Dec. 17, 2018); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Indeed, no case cited by Plaintiff supports his contention that "the Supreme Court has long held that the Federal Rules of Procedure [sic] should be applied more leniently for pro se litigants." ECF 20-1 at 11; *see also id.* at 16.

## ARGUMENT

One common thread runs through Plaintiff's entire Opposition: his arguments are not legally supported—in fact, he relies extensively on fabricated authority. And despite the many pages of conclusory assertions, it is clear that dismissal is warranted for each of the reasons advanced in Experian's Motion to Dismiss. Plaintiff's insistence that his Complaint is not a shotgun pleading cannot be reconciled with any fair reading of that document. And his purported claims are substantively deficient. Plaintiff concedes there is no such claim as "Default Summary Judgment Estoppel By Silence." He recognizes that the FCRA preempts defamation claims absent plausible allegations of willful intent to injure or malice, yet he points only to legal conclusions couched as allegations of fact. With respect to the alleged FCRA violations, Plaintiff points to no factual allegations to support his claims.

I.     **PLAINTIFF'S ARGUMENTS ARE LEGALLY UNSUPPORTED, RELYING EITHER ON NON-EXISTENT CASES OR QUOTES.**

Plaintiff's Opposition relies on (1) made up authority, and (2) fabricated quotations. But although it impedes Experian's ability to succinctly reply, it ultimately confirms lack of support for his arguments.

Plaintiff's Opposition includes a number of invented citations to opinions which do not exist. As reflected in Plaintiff's Table of Authorities, he supposedly cites to approximately 66 cases. At the very least, it appears Plaintiff made up every unreported decision he cites to (*i.e.* those with only a WestLaw citation) to which Experian did not cite in its Motion to Dismiss. The citations below are merely examples and are not likely an exhaustive list of all fabricated cases.

For example, Plaintiff purports to quote from "Hixson v. JP Morgan Chase Bank, N.A., No. 18-3312, 2019 WL 494251 (6th Cir. Feb. 8, 2019)." ECF 20-1 at 25. Yet, a search of WestLaw and Lexis reveals no decisions from the Sixth Circuit by that name, the docket number does not exist, and the database citation provided leads to a news article. The same problems arise when one tries to check Plaintiff's quotation of "Gecewicz v. Lifetime Fitness, Inc., No. 3:17-cv-381, 2017 WL 3268515 (S.D. Ohio July 31, 2017)." ECF 20-1 at 25. The docket number cited leads to an unrelated matter and the database citation Plaintiff provides links to a news article. Furthermore, Plaintiff purports to rely on "Kenty v. Trans Union, LLC, No. 1:18-CV-00853, 2019 WL 2553763 (N.D. Ohio June 21, 2019)," but searching WestLaw, Lexis, and dockets reveals no such decision, the database citation Plaintiff provides does not exist, and the docket number listed again links to a completely unrelated case. And the list goes on. *E.g.*, ECF 20-1 at 5 ("Dickson v. Trans Union LLC, No. 1:15-CV-01637, 2016 WL 5678554, at \*4 (N.D. Ohio Sept. 30, 2016)"); *id.* at 5 ("Miller v. Wells Fargo & Co., 200 F. Supp. 3d 896, 900 (S.D.

Ohio 2016)"); *id.* at 6 ("Boggio v. USAA Fed. Savings Bank, No. 1:12-CV-01123, 2013 WL 2450263, at *3 (N.D. Ohio June 5, 2013)").[1]

Even when citing actual cases, Plaintiff patently misrepresents them by inventing quotes which do not appear in those opinions. For example, in citing to "Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)," Plaintiff manufactures a quote regarding the Rule 12(b)(6) standard. ECF 20-1 at 18. The quote does not appear in *Swierkiewicz*, which is focused on the level of pleading detail required under *McDonnell Douglas*. Later, Plaintiff pretends to quote from a discussion of the Rule 8 pleading standard in "Weisbarth v. Geauga Park Dist., 499 F.3d 538, 541 (6th Cir. 2007)". ECF 20-1 at 27. Once again, the quote does not appear in the opinion—indeed, the opinion does not even address the Rule 8 standard. Again, the list goes on. *E.g.*, ECF 20-1 at 31 (claiming to quote "MacDermid v. Discover Fin. Servs., 488 F.3d 721, 731 (6th Cir. 2007)"); *id.* at 35 (claiming to quote "JPMorgan Chase Bank, N.A. v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 95 (2002)"). These blatant examples are not exhaustive.

Plaintiff's actions complicate Experian's ability to reply and the Court's ability to assess the issues and the law. These are not mere typographical errors, transposing or mistyping page or reporter numbers, or even making stretched assertions about what cases hold. The citations and quotes are created from the whole cloth, suggesting that Plaintiff acted intentionally.[2] Whatever the method by which Plaintiff created his Opposition, there is no excuse for fabricating

---

[1] Plaintiff also purports to cite to "Smith v. LexisNexis Screening Solutions, Inc., No. 3:16-cv-00068, 2017 WL 4174712, at *1 (S.D. Ohio Sept. 21, 2017)", including a quotation and footnote. ECF 20-1 at 8. While the footnote seems to track certain facts from a 2015 decision in the Eastern District of Michigan, the quoted language does not appear to exist in any case.

[2] It is possible that the extensive use of false authority could be the result of Plaintiff relying on Chat GPT or similar artificial intelligence language applications to draft arguments for his Opposition. *See generally*, Hannah Rozear and Sarah Park, ChatGPT and Fake Citations, *Duke Univ. Libs. Blog* (March 9, 2023), https://blogs.library.duke.edu/blog/2023/03/09/chatgpt-and-fake-citations/.

quotations or inventing citations. *See, e.g.*, *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1357 (Fed. Cir. 2003) (affirming sanctions for intentional distortion of authority); *Multi-Media Distrib. Co. v. United States*, 836 F. Supp. 606, 614 n.7 (N.D. Ind. 1993) (explaining misrepresentation of legal authority is sanctionable). These egregious misrepresentations constitute the type of bad faith conduct for which this Court should consider whether sanctions are warranted. *See, e.g.*, *Avnet, Inc. v. RSG Real Est. Enterprises, LLC*, No. 3:14-CV-79, 2014 WL 10156610, at *2-3 (S.D. Ohio Dec. 18, 2014) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)) (ordering litigant to show cause, explaining "[a] district court has the inherent power to sanction a party when that party exhibits bad faith . . . .").

## II. PLAINTIFF'S COMPLAINT IS A QUINTESSENTIAL SHOTGUN PLEADING.

As Experian explained in its Motion to Dismiss, Plaintiff's Complaint is an impermissible shotgun pleading because it fails "to give [Experian] adequate notice of the claims against [it] and the grounds upon which each claim rests" by failing to comply with Rule 8(a)(2)'s "short and plain statement" standard and Rule 10(b)'s directives. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (cited favorably in *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020)). Plaintiff's Complaint is a textbook shotgun pleading for three independent reasons: (1) it is "replete with conclusory, vague, and immaterial" allegations; (2) the Complaint fails to separate claims, and (3) Plaintiff attempts successive reincorporation. *See Weiland*, 792 F.3d at 1322.

First, Plaintiff's Complaint is weighed down by extensive "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* As Experian explained, Plaintiff's "allegations" are redundant and ambiguous—not "simple, concise, and direct." *Cf.* Fed. R. Civ. P. 8(a)(2); *see also* ECF 17 at 6-7. In response, Plaintiff concedes his Complaint is "lengthy," but yet also asserts it is "concise." ECF 20-1 at 16. He makes no effort

-5-

to explain why a fragmented, 321 paragraph Complaint is necessary or appropriate, instead opting to merely declare this case is "complex" and his complaint is "clear[]".  ECF 20-1 at 16-18.  Saying it does not make it so.

Plaintiff's reliance on *Equal Employment Opportunity Commission v. J.H. Routh Packing Co.* is misplaced.  ECF 20-1 at 12.  *Routh* addressed the *bare minimum* a plaintiff must plead to establish limitation of major life activities under the Americans with Disabilities Act.  246 F.3d 850, 854 (6th Cir. 2001).  Shotgun pleadings are on the other end of the spectrum.  The question here is not whether Plaintiff pled the absolute bare minimum, but rather whether his indisputable excess fails to conform to Rule 8's notice pleading standard.  *See Weiland*, 792 F.3d at 1320-22.  It does.  And, as explained in Part III, more is not better from the perspective of Rule 12(b)(6) either—Plaintiff's excess still fails to state a claim.

Second, Plaintiff's Opposition demonstrates his failure to separate out each cause of action into a separate and distinct claim.  Just as Experian explained in its Motion to Dismiss, Plaintiff again casts his "negligence" and "willful" claims for violation of the FCRA as each based on both 15 U.S.C. §§ 1681e(b) and 1681i.  ECF 20-1 at 23-25, 43.  And he does not dispute that the vast majority of his "defamation" claim is comprised of allegations regarding supposed FCRA violations.  Indeed, the "specific elements and allegations" Plaintiff suggests are "separate from the FCRA claims" are actually allegations about the FCRA.  *Id.* at 25 (citing Compl. ¶¶ 237-39, 246, 248-50).

Third, Plaintiff's attempt to argue he does not successively reincorporate demonstrates the central issue with this category of shotgun pleading and why courts dismiss such complaints. Plaintiff claims that his paragraphs of incorporation (Compl. ¶¶ 190, 224, 262, 290) are "tailored to incorporate only the relevant allegations from preceding counts to avoid unnecessary

-6-

repetition and maintain clarity in the Complaint." ECF 20-1 at 26. But neither the Complaint nor Plaintiff's Opposition say what those "relevant allegations" are. As such, Plaintiff fails to afford Experian the notice it is entitled to under Rule 8(a)(2).

### III. PLAINTIFF'S CLAIMS ARE SUBSTANTIVELY DEFICIENT.

Each purported claim fails for independent reasons, too. As Experian argued (and Plaintiff apparently concedes) "Default Summary Judgment Estoppel by Silence" does not exist. Plaintiff's defamation claim is preempted by the FCRA—his threadbare references to willfulness and malice do not suffice. Finally, Plaintiff's FCRA claims fail because he does not point to any plausible allegations of inaccuracy, Experian's policies or procedures, injury, or proximate causation.

#### A. Plaintiff recognizes that "Default Summary Judgment Estoppel By Silence" is not a real claim.

Plaintiff appears to agree with Experian's arguments in its Motion to Dismiss: there is no such claim as "Default Summary Judgment Estoppel By Silence." *See* ECF 20-1 at 31. Plaintiff nonetheless attempts to create this new cause of action by arguing that there is a contractual relationship formed by operation of the FCRA, and that Article III of the UCC applies. ECF 20-1 at 32-36. Neither assertion has any basis in law nor creates a claim he alleges. Accordingly, Plaintiff's claim should be dismissed.

#### B. The FCRA preempts Plaintiff's attempted defamation claim.

As explained in Experian's Motion to Dismiss, Plaintiff's defamation claim is preempted by the FCRA unless he plausibly alleges malice or willful intent to injure. 15 U.S.C. § 1681h(e); ECF 17 at 10-11. He does not. Plaintiff's Opposition fails to point to a single plausible factual allegation regarding malice or willful intent to injure. Instead, Plaintiff relies on *ipse dixit* declarations that he "alleged specific facts demonstrating Experian's malice or willful intent to

-7-

injure," "furnished concrete details regarding Experian's knowing publication of false information or reckless disregard for the truth or falsity of the reported information," and that his "case is founded upon particularized facts that underscore Experian's alleged recklessness or intentional disregard for the accuracy of the information provided." ECF 20-1 at 37-39. *Iqbal* is clear that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. 556 U.S. at 678. Thus, Plaintiff's defamation claim should be dismissed as preempted.

### C. Plaintiff fails to state an FCRA claim.

Plaintiff's purported FCRA claim suffers from the same defect: he fails to plausibly allege facts necessary to establish a claim under either Section 1681e(b) or 1681i(a).

#### 1. Plaintiff does not plead a Section 1681e(b) claim.

As demonstrated in Experian's Motion to Dismiss, any claim under Section 1681e(b) fails because Plaintiff does not plausibly allege facts regarding inaccuracy or Experian's policies and procedures. *See Jae v. ChexSystems Inc.*, No. 4:18-CV-0206, 2018 WL 3368871, at *4 (N.D. Ohio July 10, 2018) (citing *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)); ECF 17 at 11-13. Plaintiff's Opposition points to no factual allegation of inaccuracy; instead he directs the Court to his exhibits which, as explained in the Motion to Dismiss, feature vague, varying, and inconsistent claims of error.[3] *E.g.* ECF 1-1, Exhs. 1, 3.3. Plaintiff cannot rely exclusively on exhibits in place of pleading material facts. *See Est. of Coles* 658 F. App'x at

---

[3] Plaintiff ignores that public records are properly subject to judicial notice and may be considered on a motion to dismiss. *See McGee v. City of Cincinnati Police Dep't*, No. 1:06-CV-726, 2007 WL 1169374, at *2 (S.D. Ohio Apr. 18, 2007). And title to an automobile raises a presumption of ownership. *Fordeley v. Fordeley*, 11th Dist. Trumbull No. 2021-T-0020, 2023-Ohio-261, ¶ 50 (citing Ohio Rev. Code Ann. § 4505.04(B)).

-8-

111. Nor does Plaintiff point to factual allegations concerning Experian's policies and procedures, or their applicability to him.

The same failures plague injury and proximate cause aspects of his claims. *Jae*, 2018 WL 3368871, at *4 (Plaintiff is required to plead injury proximately caused by Experian to state a claim under section 1681e(b)). Plaintiff does not point to a single plausible allegation regarding either element.[4] And Plaintiff cannot muddy the waters by raising unpled theories and allegations and introducing new exhibits in his Opposition, some of which are wrong as a matter of law in any event. *E.g.*, ECF 20-1 at 6 (claiming tradelines may not be reported absent Plaintiff's consent)[5]; *id.* at 7 (claiming Experian caused epileptic seizures); *id.* at 44 (suggesting purported errors are a result of identity theft); ECF 20-2; ECF 20-3; ECF 20-4; ECF 20-5. *See also Brown*, 996 F. Supp. 2d at 645-46.

        2.      <u>Plaintiff does not plausibly allege a Section 1681i(a) claim.</u>

As Experian explained in its Motion to Dismiss, the Court owes no deference to Plaintiff's internally contradicted allegations that Experian failed to reinvestigate and respond to his disputes. Just like the Complaint, Plaintiff's Opposition is riddled with inconsistencies and contradictions. Perplexingly, Plaintiff argues that Experian failed to reinvestigate his disputes *and* that Experian's reinvestigations were insufficient. *See, e.g.*, ECF 20-1 at 4, 6, 9, 29, 48. To

---

[4] Plaintiff's musings about his inability to secure financing on a Mercedes Benz are without merit. ECF 20-1 at 7. There are <u>no</u> factual allegations concerning this purported injury in the Complaint. Moreover, Plaintiff himself acknowledges he applied for financing in January 2022 at a time during which, he tells the Court he was earning $500-$3,000 per month. ECF 20-1 at 7; ECF 1. Considering Plaintiff's alleged minimal wages, it is not plausible to conclude purported errors in Experian's reporting caused his denial.

[5] Experian need not secure Plaintiff's consent to provide a consumer report. *E.g.*, *Johnson v. Sherwin-Williams Co.*, 152 F. Supp. 3d 1021, 1025 (N.D. Ohio 2015) (dismissing FCRA claim, analyzing section 1681b(a), explaining "[c]onsumer reports may be obtained for many different purposes, most of which do not require notice to the consumer that a consumer report is being obtained," and noting that written authorization is but one permissible purpose).

the extent Plaintiff is suggesting Experian was required to "investigate" beyond a reasonable reinvestigation, he is incorrect. *See, e.g.*, *Parry v. ProCollect, Inc.*, No. 4:22-CV-00283-BCW, 2023 WL 2629897, at *3 (W.D. Mo. Feb. 10, 2023) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1556 (9th Cir. 2009)) (awarding judgment on the pleadings, explaining "The CRA's reasonable reinvestigation consists largely of triggering the *investigation by the furnisher*" under 15 U.S.C. § 1681s-2(a)(8)(E)) (emphasis added and cleaned up). Plaintiff's arguments only emphasize his failure to plausibly allege a section 1681i(a) claim, and any claim based on the same should be dismissed.

## CONCLUSION

For the foregoing reasons and those stated in its Motion to Dismiss (ECF 17), Defendant Experian Information Solutions, Inc. respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

Dated: May 9, 2023

/s/ *Victoria Dorfman*
Victoria Dorfman (*pro hac vice*)
(D.C. Bar No. 487567)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
vdorfman@jonesday.com

/s/ *Dustin M. Lorenzo*
Alexander W. Prunka (*pro hac vice*)
(Ohio Bar No. 100431)
Dustin M. Lorenzo (trial counsel)
(Ohio Bar No. 100034)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone: (216) 586-3939
Facsimile: (216) 579-0212
aprunka@jonesday.com
dlorenzo@jonesday.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2023, I caused a copy of the foregoing Reply Memorandum in Support of Experian's Motion to Dismiss to be served on Plaintiff by depositing a copy of the same in the United States Mail, postage prepaid and addressed as follows:

Mr. Elijah Whaley
6957 Springfarm Court
Dayton, Ohio 45459

Dated: May 9, 2023

/s/ *Victoria Dorfman*
Victoria Dorfman (*pro hac vice*)
(D.C. Bar No. 487567)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
vdorfman@jonesday.com

*Attorneys for Defendant Experian Information Solutions, Inc.*