# IN THE UNITED STATES COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON COURT

ELIJAH WHALEY
6957 Springfarm Court
Dayton, OH 45459;

                Plaintiff,

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
an Ohio Corporation.
c/o Office of General Counsel
475 Anton Boulevard Costa Mesa,
California 92626;

                Defendants.

: Case No.: **3:22-cv-00356-MJN-CHG**

: **PLAINTIFF'S RESPONSE IN OPPOSITION TO EXPERIAN INFORMATION**
: **SOLUTIONS, INC.'S MOTION TO DISMISS WITH PREJUDICE**
:
: **Honorable Judge, Michael J. Newman**
: **Honorable Magistrate Judge Caroline H. Gentry**
:
:
:
:
:
:

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS WITH PREJUDICE

---

NOW COMES, the Plaintiff, Elijah Whaley, proceeding Pro Se, in response to Defendant,

EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") Motion to Dismiss with Prejudice in

case, 3:22-cv-00356-MJN CHG, and respectfully submits this opposition to the Defendant's motion. With

unwavering resolve, Plaintiff's Opposition to Experian's Motion to Dismiss reveals the merit of Plaintiff's

case and the repeated violations of the Fair Credit Reporting Act ("FCRA"), while exposing the flawed

reasoning again, that underline Defendant's baseless attempts to seek dismissal with prejudice.

1

Plaintiff's Response in Opposition to Experian Information Solution's, Inc.'s Motion to Dismiss with Prejudice.
Case No.: 3:22-cv-00356-MJN-CHG

# IN THE UNITED STATES COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## DAYTON COURT

|  |  |
|---|---|
| ELIJAH WHALEY<br>6957 Springfarm Court<br>Dayton, OH 45459;<br>           Plaintiff,<br><br>  vs.<br><br>EXPERIAN INFORMATION<br>SERVICES INC.,<br>an Ohio Corporation.<br>c/o Office of General Counsel<br>475 Anton Boulevard Costa Mesa,<br>California 92626;<br>           Defendants. | : Case No.: **3:22-cv-00356-MJN-CHG**<br><br>: **PLAINTIFF'S RESPONSE MEMORANDUM<br>IN OPPOSITION TO EXPERIAN**<br>: **INFORMATION SOLUTIONS, INC.'S<br>MOTION TO DISMISS WITH PREJUDICE**<br>:<br>: **Honorable Judge, Michael J. Newman**<br>: **Honorable Magistrate Judge Caroline H.<br>Gentry**<br>:<br>:<br>:<br>:<br>:<br>: |

---

**PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO EXPERIAN
INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS WITH PREJUDICE**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

I.      INTRODUCTION ...............................................................................................1

II.     THE PLAINTIFF'S PRECISE APPLICATION OF LEGAL STANDARDS ............................2

III.    ARGUMENT .....................................................................................................4

   A.   Acknowledgement and Rectification of Citation Errors................................................5

   B.   Refuting Defendant's Diversions the Unchanged Substance of FCRA Violations...........................6

I.      Countering Accusations with Clarity Asserting Compliance with Rule 8(a)(2) and Rule 10(b). .........7

II.     Countering 'Shotgun' Accusations with Unambiguous Arguments. ....................................9

III.    Concise Yet Thorough Justifying Plaintiff's Complaint. ...............................................11

IV.     Unraveling Defendant's Mischaracterization of Plaintiff's Claims. ....................................13

   A.   Unveiling the Power of Silence and Inaction from Defendant.........................................14

   B.   Preserving Justice Through Upholding Plaintiff's Defamation Claim Despite Defendant's
        Meritless Argument.............................................................................................15

   C.   Defending FCRA Claims: Presenting Counter-Arguments to Alleged Noncompliance Under
        Sections 1681e(b) and 1681i(a).............................................................................16

I.      Challenging Experian's Denial: Underscoring the Potency of Plaintiff's 1681e(b) Claim.................17

II.     Plaintiff's Unquestionable Section 1681i(a) Claim Against Defendant.................................18

IV.     CONCLUSION ...............................................................................................20

i

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662, 678 (2009) ...............................................................2, 12, 16

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 570 (2007) ......................................................................2, 14

*Boggio v. USAA Federal Savings Bank,*
  696 F.3d 611 (6th Cir. 2012) ........................................................................5

*Boggio v. USAA Federal Savings Bank,*
  No. 1:10-cv-00445, (S.D. Ohio) ..................................................................6

*Dickson Jr v. Trans Union LLC,*
  No. 1:22-cv-03311 (N.D. Ill.) .......................................................................6

*Equal Employment Opportunity Commission v. J.H. Routh Packing Co.,*
  246 F.3d 850 (6th Cir. 2001) ........................................................................9

*Erickson v. Pardus,*
  551 U.S. 89 (2007) ....................................................................................3, 4

*Estate of Coles v. Zucker, Goldberg & Ackerman,*
  658 F. App'x 108, 111 (3d Cir. 2016) ...........................................................3

*Foman v. Davis,*
  371 U.S. 178 (1962) ..................................................................................2, 4

*Geczi v. Lifetime Fitness,*
  2012 Ohio 2948 (Ohio Ct. App. 2012) .........................................................6

*Georgia v. South Carolina,*
  497 U.S. 376 (1990) ....................................................................................14

*Gorman v. Wolpoff & Abramson, LLP,*
  584 F.3d 1147, 1556 (9th Cir. 2009) ...........................................................19

*Haines v. Kerner,*
  404 U.S. 519, 520 (1972) ..........................................................................3, 4

*Hixson et al v. JPMorgan Chase Bank, N.A. et al,*
  No. 1:12-cv-00105 (E.D. Tenn.)....................................................................6

*Kent v. Trans Union, LLC,*
  No. 4:16-CV-322-A (N.D. Tex. Aug. 25, 2017) ...........................................6

*Lee v. Ohio Educ. Ass'n,*
  951 F.3d (6th Cir. 2020) .............................................................................10

*McNeil v. United States,*
  508 U.S. 106, 113 (1993) ..............................................................................3

*Miller v. Wells Fargo Company,*
  No. 3:05-cv-42-S (W.D. Ky. Mar. 21, 2008) ...............................................6

*Pedro v. Equifax, Inc.,*
  868 F.3d 1275, 1279 (11th Cir. 2017) .........................................................13

*Smith v. LexisNexis Screening Sols., Inc.,*
  837 F.3d 604, 609 (6th Cir. 2016) ...............................................................18

*Weiland v. Palm Beach Cty. Sheriff's Office,*
  792 F.3d 1313 (11th Cir. 2015) ...................................................................10

ii

**STATUTES**

Fair Credit Reporting Act ("FCRA") 15 U.S. Code § 1681 et seq .................................................................. 1

15. U.S.C.
  § 1681 ........................................................................................................................................... 15
  § 1681a(c) ........................................................................................................................................ 7
  § 1681a(p) ........................................................................................................................................ 7
  § 1681e(b) ........................................................................................................................ 15, 16, 17
  § 1681i .......................................................................................................................................... 1, 16
  § 1681i(5)(A)(i) .......................................................................................................................... 4, 19
  § 1681i(a)(1)(A) .......................................................................................................... 4, 16, 17, 19
  § 1681s-2(a)(8)(E) ............................................................................................................................ 19

**RULES**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................................ 7
Fed. R. Civ. P. 12(b)(6) ...................................................................................................................... 1
Fed. R. Civ. P. 15(a) ........................................................................................................................... 1
Fed. R. Civ. P. 8(a) ............................................................................................................. 10, 11, 12
Fed. R. Civ. P. 10(b) ............................................................................................... 7, 9, 10, 11, 12

**REGULATIONS**

12 C.F.R. § 1022.130(h) ..................................................................................................................... 7

**OTHER AUTHORITIES**

Consumer Fin. Prot. Bureau, CFPB Issues Guidance to Address Shoddy Investigation Practices by
  Consumer Reporting Companies, https://www.consumerfinance.gov/about-us/newsroom/cfpb-issues-
  guidance-to-address-shoddy-investigation-practices-by-consumer-reporting-companies/ ..................... 16

## I.     INTRODUCTION

Experian's Motion to Dismiss with prejudice (Defendant's "Motion") is a transparent attempt to obfuscate

the truth and mislead this Honorable Court by casting aspersions on Plaintiff's Verified Complaint, which

sets forth a strong and viable claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S. Code § 1681

et seq. Plaintiff's Memorandum in Support of Opposition to Experian's Motion to Dismiss (Plaintiff's

"Opposition") is neither solely conclusory nor contradictory, contrary to Defendant's baseless assertions.

Instead, Plaintiff's claim exemplifies specificity, establishes causation, lays out precise legal grounds,

demonstrates tangible harm, and explicitly outlines the relief sought while bringing forth factual

allegations that form the backbone of Plaintiff's case. As a Pro Se litigant, Plaintiff's pursuit of justice

under the FCRA should not be thwarted by Defendant's attempts to exploit alleged shortcomings in legal

form or the purported assistance of artificial intelligence.  In response to Defendant's misguided and

disingenuous arguments, Plaintiff will decisively demonstrate that:

1. The Verified Complaint is replete with factual allegations that cogently state a claim under the FCRA, particularly 15 U.S. Code § 1681i, by meticulously detailing the specific instances of Defendant's failure to conduct an investigation into the disputed information mailed by the Plaintiff, and both the lack of timely response and parroting from Defendant through the Consumer Financial Protection Bureau ("CFPB") and Attorney General.
2. Far from being conclusory, the allegations made in the Verified Complaint are buttressed by specific facts which, when taken as true, establish a plausible claim for relief under the FCRA. Conclusory allegations would merely recite the elements of the FCRA claim without providing any supporting factual details, which is not the case here.
3. Relevant case law and legal principles, such as the standard for evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), requires the Court to accept all well-pleaded facts in the complaint as true and construe them in the light most favorable to the Plaintiff. Applying this standard and the factual allegations presented, exposes the deficiencies in Defendant's Motion and underscores the necessity of denying it.

By focusing on the substance of Plaintiff's FCRA claims, this Honorable Court should see through

Defendant's specious arguments and deny Defendant's Motion to Dismiss. Plaintiff's Verified Complaint

contains sufficient factual allegations to state a claim upon which relief can be granted under the FCRA,

and justice demands that the case be allowed to proceed.

Should this Honorable Court find any deficiencies in the Complaint, the Plaintiff respectfully

requests the opportunity to amend. As stipulated under Fed. R. Civ. P 15(a), the Court should generally

1

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

grant leave to amend when justice so requires. The Supreme Court's decision in Foman v. Davis, 371 U.S. 178 (1962), further underlines this approach, emphasizing that leave to amend should be freely given in the absence of any justifiable reasons such as undue delay, bad faith, or undue prejudice to the opposing party.

## II.    THE PLAINTIFF'S PRECISE APPLICATION OF LEGAL STANDARDS

Plaintiff has met and exceeded the pleading standard established by Ashcroft v. Iqbal and Bell Atl. Corp. v. Twombly. The Plaintiff's complaint provides more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.' Rather, it puts forth specific, detailed facts about Defendant's failure to conduct to not just conduct a reasonable investigation, but an investigation in response to Plaintiff's mailed consumer disputes – a mandate under the FCRA, which Defendant negligently and willfully repeatedly repeated; thus, stating a plausible claim for relief. See Plaintiff's Verified Complaint, (Doc. #1, ¶¶ 39-43, 50-55, 57, 58, 62, 63, 67-70). The alleged facts raise a reasonable expectation that discovery will unveil evidence of Defendant's violation of the FCRA. Therefore, Defendant's reliance on Iqbal and Twombly to dismiss the complaint is misplaced and should not be entertained by this Honorable Court.

As explained in Plaintiff's Opposition, citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), which emphasizes the importance of providing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (Doc. #20-1, PageID #460). The Verified Complaint alleges that Defendant did not only fail to fulfill their duties and obligations under the FCRA, but failed to perform an investigation as mandated and never reasonably conducted a reinvestigation and did not correct the inaccuracies in the Plaintiff's consumer credit report, causing additional harm to Plaintiff. (Doc. #20-1, PageID #452, 485) citing Plaintiff's Verified Complaint (Doc. #1, ¶ ¶ 45(a), 119, 183-189)). Presenting these factual claims, the Verified Complaint meets the "plausibility" standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff demonstrates both the negligence and willful non-compliance in violation of the FCRA, by Defendant, and the harm suffered due to Defendant's inactions and actions. Contrary to Defendant's

2

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

assertion, the Plaintiff's Verified Complaint is devoid from relying on a "no set of facts" standard. Instead, it enumerates detailed, specific instances of Defendant's alleged failure to conduct an investigation into disputed information mailed by the Plaintiff, in direct violation of the FCRA, 15 U.S. Code § 1681 et seq. These factual allegations are highlighted once more in Plaintiff's Opposition and portray the harm suffered by Plaintiff due to Defendant's negligence and willful non-compliance with the FCRA. (Doc. #20-1, PageID #472), citing Plaintiff's Verified Complaint, (Doc. #1, ¶¶ 41, 45(c), 51, 95, 102, 104, 114, 118, 129, 137).

Defendant's comparison to Estate of Coles v. Zucker, Goldberg & Ackerman, 658 F. App'x 108, 111 (3d Cir. 2016) is misguided. Unlike the cited case by Defendant, Plaintiff here has not only attached numerous exhibits clearly showing the repeated violations of the FCRA but details the relevance substantiating the allegations present.

Defendant misconstrues the Plaintiff's reliance on exhibits. Rather than acting as a substitute for essential factual allegations, these exhibits substantiate the detailed claims of Defendant's failure to conduct a reasonable investigation, a key violation of the FCRA. Each exhibit, directly referenced in the complaint, is not peripheral but central to the factual allegations and misconduct. Defendant even acknowledges, "the Court can consider documents incorporated into the Complaint." *See* Defendant's Motion, (Doc. #24, PageID #515).

It's important to clarify that these exhibits aren't introducing new allegations but reinforcing those in the Complaint. Therefore, rather than dismissing these as improperly introduced facts, this Honorable Court should recognize them as corroborative evidence that supports the plausibility of the Plaintiff's claims.

Furthermore, Defendant's reliance on McNeil v. United States, 508 U.S. 106, 113 (1993), misinterprets the Court's stance on leniency towards Pro Se litigants. While McNeil does uphold the applicability of procedural rules to Pro Se litigants, it doesn't prohibit the Courts from appreciating their unique challenges. This perspective aligns with the Supreme Court's view in Haines v. Kerner, 404 U.S. 519, 520 (1972) and Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam), which held Pro Se complaints

3

to less stringent standards. It recognizes the inherent difficulties of self-representation, contrary to the

Defendant's assertion that no cited case supports this leniency. *See*, Opposition (Doc. #20-1, PageID

#444, 453-455, 459-462,464) Referencing, Haines v. Kerner, and Erickson v. Pardus. The Supreme

Court's acknowledgement of these challenges underscores the essence of Plaintiff's position and validates

the need for a less stringent standard for Pro Se pleadings.

In the event this Honorable Court identifies any deficiencies in the Complaint, the Plaintiff seeks the

opportunity to amend. The Supreme Court in Foman v. Davis, 371 U.S. 178 (1962), emphasized that

leave to amend should be freely given, barring any justifiable reasons.

In conclusion, Defendant's attempt to distort the Plaintiff's allegations and mischaracterize the legal

standard for pleading must not sway this Honorable Court. The Plaintiff's Complaint, with its detailed

allegations of Defendant's repeated FCRA violations, meets the required plausibility standard, and any

perceived deficiencies should warrant an opportunity for amendment, not outright dismissal with

prejudice.

### III.    ARGUMENT

Defendant's Motion to Dismiss is an attempt to absolve itself from the clear violations of the FCRA.

Far from being unsupported, Plaintiff's Verified Complaint is steeped in precise and substantive factual

allegations that underscore Defendant's disregard for its obligations under the FCRA. As emphasized in

the opposition, Plaintiff meticulously lays out Defendant's failure to conduct any investigation. *See*

Plaintiff's Opposition, (Doc. #20-1, PageID #445-446) citing Plaintiff's Verified Complaint, (Doc. #1, ¶¶

36, 39-43, 67). In addition, Defendant failed to timely conduct an investigation thus requiring prompt

removal of unverified data as mandated under the FCRA; 15 U.S. Code § 1681i(a)(1)(A), 15 U.S. Code §

1681i(5)(A)(i) (emphasis added). *Id.*, (Doc. #20-1, PageID #447) citing Plaintiff's Verified Complaint,

(Doc. #1, ¶ 67, 88, 91-92, 125, 150-159). As previously stated in the Opposition, labeling the Plaintiff's

complaint as a "shotgun pleading" is a gross mischaracterization. *Id.*, ((Doc. #20-1, PageID #458-460).

The Complaint is far from being a scattergun list of claims. Each claim is precisely articulated, backed by

relevant facts, and correlated to the appropriate legal basis.

The Defendant's critique of the Plaintiff's claim of "Default Summary Judgment Estoppel By Silence" is a misinterpretation. The Plaintiff employs the legal maxim "qui tacet consentire videtur" to highlight the harm caused by Defendant's conspicuous silence and inaction. This principle asserts that a party's silence, when it causes another party to rely on it to their detriment, can be deemed as consent and, or malice. *Id.*, (Doc. #20-1, PageID #474).

Defendant's Motion to Dismiss is little more than a smokescreen, obscuring its clear violations of the FCRA. Plaintiff's Complaint states plausible claims for relief under the FCRA, substantiated by detailed factual allegations. This Honorable Court should not let Defendant's attempt to deflect from Plaintiff's solid and legally grounded case, and therefore, the Defendant's Motion should be denied.

Finally, the Plaintiff's citation of case law, despite minor citation errors, remains firm. The reference to Boggio v. USAA Federal Savings Bank, 696 F.3d 611 (6th Cir. 2012), underlines the statutory duty of consumer reporting agencies to conduct a reasonable investigation upon receiving a consumer dispute—a duty that Defendant indisputably failed to uphold.

*A.   Acknowledgement and Rectification of Citation Errors.*

Defendant's motion to dismiss and allegations of bad faith conduct demand a response that addresses the concerns raised and reassures the court of the Plaintiff's good faith. The errors in case law citation and quotation were not intended to deceive or mislead. Instead, they are the unfortunate result of a Pro Se litigant, without formal legal training, attempting to navigate complex legal procedures while balancing personal responsibilities.

The Plaintiff, a single father, has grappled with the dual demands of childcare and these proceedings. In an effort to manage these challenges and ensure the thoroughness of the case, the Plaintiff turned to AI technology, specifically the software LIQUID, to assist in finding case law relevant to this dispute. Unbeknownst to the Plaintiff, this tool resulted in inadvertent citation errors in the previous filing.

Plaintiff apologizes to the Honorable Court and Defendant for any confusion or inconvenience these errors may have caused. It was never the Plaintiff's intention to misrepresent legal authority or fabricate

5

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

citations, but rather to present the most relevant legal arguments and authorities. The Plaintiff has since recognized the limitations of the software and will cease assistance from such provided tools.

Despite these citation errors, the core arguments of the case remain intact and firmly grounded in sound legal principles. The Plaintiff maintains that Defendant has violated its obligations under the FCRA, causing substantial harm to the Plaintiff's financial prospects and personal well-being. The Plaintiff remains committed to arguing the case on its merits and addressing any perceived deficiencies, ensuring that the court has the most accurate and relevant information to make its decision.

In light of the above, the Plaintiff respectfully requests that the court take into account these unique circumstances and the proactive measures taken to correct the errors. The Plaintiff hopes this Honorable Court will recognize the good faith effort to remedy the situation and focus on the substantive issues at hand: the alleged violations of the FCRA by Defendant. The Plaintiff remains committed to the highest degree of accuracy and integrity in all future submissions to this Honorable Court.

B.  *Refuting Defendant's Diversions the Unchanged Substance of FCRA Violations.*

In the labyrinth of legal discourse, it is disconcerting to see Defendant attempt to divert this Honorable Court's attention from the substantive issues at hand by nitpicking the inaccuracies of case law citations. The factual allegations against Defendant, entrenched in the violations of the FCRA, stand unaffected by this distraction.

Defendant's claim that the Plaintiff relies on "fabricated authority" is nothing short of a smokescreen, designed to distract from the actual merits of this case. The Plaintiff acknowledges some inaccuracies in citation, which are attributable to the software used, but unequivocally affirms the validity and relevance of the case laws referenced. Below are the corrected citations:  Hixson et al v. JPMorgan Chase Bank, N.A. et al, No. 1:12-cv-00105 (E.D. Tenn.), Geczi v. Lifetime Fitness, 2012 Ohio 2948 (Ohio Ct. App. 2012), Kent v. Trans Union, LLC, No. 4:16-CV-322-A (N.D. Tex. Aug. 25, 2017), Dickson Jr v. Trans Union LLC, No. 1:22-cv-03311 (N.D. Ill.), Miller v. Wells Fargo Company, No. 3:05-cv-42-S (W.D. Ky. Mar. 21, 2008) and Boggio v. USAA Federal Savings Bank, No. 1:10-cv-00445, (S.D. Ohio). These cases, while inaccurately cited initially, remain a legitimate part of the FCRA jurisprudence and provide

6

substantial legal grounding for the claims against Defendant. The Plaintiff acknowledges the minor inaccuracies that arose from the use of the AI software LIQUID and is committed to ensuring accuracy in future submissions.

Defendant's strategy to deflect attention from the factual FCRA violations present, towards the issue of citation inaccuracies is not only transparent but also irrelevant to the merits of the factual allegations brought forth in Plaintiff's Complaint. Plaintiff reaffirms the substantive claims made under the FCRA, and respectfully urges the Honorable Court to deny Defendant's Motion to Dismiss with prejudice.

I.      Countering Accusations with Clarity Asserting Compliance with Rule 8(a)(2) and Rule 10(b).

Defendant's Motion to Dismiss with prejudice, which is based on the assertion that the Verified Complaint fails to provide "adequate notice of the claims against it and the grounds upon which each claim rests," is a clear misinterpretation of Plaintiff's complaint, and fail for that reason. It is an ineffectual attempt to undermine the legitimacy of the Plaintiff's claims, ignoring the evident conformity of the complaint with Rule 8(a)(2)'s "short and plain statement" standard and Rule 10(b)'s directives.

Plaintiff's Complaint, in fact, goes beyond the basic requirements of Rule 8(a)(2). It does not merely state a "short and plain statement of the claim," but meticulously details the alleged violations of the FCRA by the Defendant. As emphasized in Plaintiff's Opposition, the first two pages of Plaintiff's Verified Complaint, unequivocally provide a concise yet substantive overview of the basis for the claim. (Doc. #20-1, PageID #437). For instance, "Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., of the Fair Credit Reporting Act." And continuing, "At all times material to this lawsuit, Plaintiff was a "consumer" as said term is defined under 15 U.S. Code § 1681a(c)." At all times material to this lawsuit, [Experian], is a "nationwide consumer reporting agency" (NCRA.) [Experian], is an Ohio Corporation located in Costa Mesa, California. 15 U.S. Code § 1681a(p); 12 C.F.R. § 1022.130(h)… [Experian] conducts business in the State of Ohio. At all times material to this lawsuit, [Experian], is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined under 15 U.S. Code § 1681a(p) to third parties." *See* Plaintiff's Verified Complaint, (Doc. #1, ¶ 1, 3, 6, 7, 8).

7

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

The damages suffered by the Plaintiff due to Defendant's non-compliance with the FCRA are both significant and multifaceted. As a direct and proximate result of Defendant's negligent and willful violations of the FCRA, the Plaintiff has endured substantial harm, both economic and emotional. Most distressingly, the Plaintiff experienced a staggering loss of income due to loss of consumer credit, lost financial deals, and automobile approval. *See* Opposition, (Doc. #20-1, PageID #450).[1] On the emotional front, Plaintiff has suffered significant distress. Endeavoring to compel the Defendant to not merely investigate the consumer disputes, but to do so in strict adherence to the FCRA and rectify any inaccuracies has been a monumental strain. This has caused the Plaintiff to suffer from feelings of humiliation and powerlessness in the face of this financial damage, which has further exacerbated health issues including sleepless nights and epileptic seizures. Defendant's violations of the FCRA, have directly caused these economic and emotional damages.

Defendant failed to ever conduct an initial consumer investigation and subsequent investigation in relation to the dispute consumer dispute letters. Likewise, Defendant failed to conduct a reasonable investigation when Plaintiff disputed the inaccuracies, and they failed to ensure maximum possible accuracy of the Plaintiff's credit information. This negligent and willful non-compliance has left the Plaintiff at the mercy of a for-profit consumer reporting agency that appears to prioritize profits over consumer rights. These damages are specifically referenced in Plaintiff's Verified Complaint, (Doc. #1, ¶ 183-189). The specificity of these paragraphs leaves no room for ambiguity and amply notifies Defendant of the claims.

In light of these extensive and multi-faceted damages, it is clear that the harm suffered by the Plaintiff is substantial and directly attributable to Defendant's violations of the FCRA. This, therefore,

---

[1] It's noteworthy to mention that the Plaintiff's adjusted gross income for 2021 exceeded $100,000. The Defendant, in their misguided attempt to highlight the Plaintiff's financial standing, unwittingly demonstrates the severe impact of their own alleged FCRA violations. The financial adversity faced by the Plaintiff, leading to his in forma pauperis status *at* the time of filing, is a result of the Defendant's failure to comply with the FCRA, leading to lost financial opportunities. Plaintiff's most recent filed taxes illustrate an adjusted gross income of approximately $12,196, *see* Exhibit 11. If Defendant had complied with the FCRA, this case would never have been brought forward and Plaintiff reasonably, would not have suffered any damages.

8

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

establishes the grounds upon which Plaintiff seeks appropriate remedies for Defendant negligent and willful non-compliance with its legal obligations.

II.     Countering 'Shotgun' Accusations with Unambiguous Arguments.

The Plaintiff wishes to highlight the gravity of the case at hand. The lawsuit is not a simple matter that can be encapsulated within a short statement. It implicates multiple violations of the FCRA by Defendant, each of which has had substantial consequences for the Plaintiff. The detailed nature of the complaint reflects this complexity, presenting an exhaustive account of the Plaintiff's dealings with Defendant and the multitude of violations of the FCRA committed by Defendant. Plaintiff maintains the validity of the Complaint, and vehemently denies the allegations of the complaint being an impermissible shotgun pleading. While Defendant suggests that the complaint is replete with "ambiguous, redundant, and irrelevant facts," it is essential to understand that these are not the characteristics of an overly detailed, intricate account of the Plaintiff's experiences and <u>Defendant repeated and persistent violations of the FCRA, that protects consumers.</u>

Defendant's claim of the complaint being a "shotgun pleading" is not merely an exaggeration; it is a calculated attempt to obfuscate the truth of the matter. The Complaint is not a scattered, disorganized compilation of allegations. Instead, it is a systematically arranged narrative that distinctly separates each claim and cause of action in alignment with Rule 10(b). Defendant's desperate grasping at straws is an attempt to evade the substantive allegations by hiding behind procedural minutiae. This tactic is not only baseless but disingenuous. Every claim is distinctly stated, and every alleged violation is explicitly connected to Defendant. While attempting to mischaracterize the Plaintiff's reliance on Equal Employment Opportunity Commission v. J.H. Routh Packing Co. as an effort to plead the bare minimum. This misinterpretation is misleading and inaccurate. Routh serves to underscore that a complaint must contain sufficient detail to fully articulate the alleged violations and harms, a principle that is applicable to all cases, including the present one and is even more crucial in repeated violations of the law by Defendant. This argument is fundamentally flawed and demonstrates a misunderstanding of the purpose of detailed pleadings.

9

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

It is essential to clarify that the detailed nature of the complaint, deemed as an "indisputable excess" by Defendant, is in fact an effort to conform to Rule 8's notice pleading standard. Given the repeated violations of the FCRA by Defendant, each with substantial consequences for the Plaintiff, a detailed chronological account of these violations was necessary for clarity and comprehensive understanding of the claims.

The complaint may appear lengthy and intricate; however, this should not be mistaken for redundancy or ambiguity. In truth, it is due to the complexity of the case and the number of repeated violations by Defendant. Each claim within the complaint is distinct, relevant, and serves to build upon the previous one, highlighting a progressive pattern of negligence, defamation of character, and willful non-compliance by Defendant.

Contrary to baseless allegations, as stated in the Opposition, the complaint does not fit any of the four categories of shotgun pleadings outlined by the Eleventh Circuit in Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015) and cited by the Sixth Circuit in Lee v. Ohio Educ. Ass'n, 951 F.3d 386 (6th Cir. 2020). Specifically, the complaint does not adopt each allegation of the preceding counts in each succeeding count. *See* Opposition, (Doc. #20-1, PageID #460). It separates each cause of action and claim for relief into distinct counts, as required by Rule 10(b).

Furthermore, contrary to Defendant assertions, the Plaintiff has indeed separated each cause of action into distinct claims, as per Rule 10(b). The "negligence" and "willful" claims are distinct violations under the FCRA, each requiring different standards of proof and carrying different implications for the Defendant. *Id*, (Doc. #20-1, PageID #466-467). The defamation claim, though it involves allegations regarding FCRA violations, is based on specific actions by Defendant that have led to reputational harm for the Plaintiff. This is not preempted by the FCRA. (Doc. #20-1, PageID #467-468).[2]

---

[2] Citing Pedro v. Equifax, Inc., 868 F.3d 1275, 1279 (11th Cir. 2017), "False credit reporting, like defamation, can be both personal and social in nature. Personal, because it can impugn a consumer's character, and social, because it can harm the consumer's reputation in the community. Because false credit reporting can affect a consumer's reputation and creditworthiness, it bears a close relationship to the tort of defamation."

10

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

Defendant's effort to blur the lines between the FCRA and defamation claims further attests to their misguided strategy. The defamation claim is grounded in specific actions by Defendant, separate from the FCRA violations, which have caused reputational harm to the Plaintiff. This deliberate conflation is a transparent attempt to obfuscate the issues at hand.

Finally, regarding Defendant critique of the alleged issue of successive reincorporation, the Plaintiff denies this and has made a good faith effort to incorporate only the relevant allegations from the preceding counts to maintain clarity in the Complaint. Each paragraph of incorporation has been meticulously tailored to maintain chronological clarity and avoid unnecessary repetition. However, in response to Defendant's unfounded concerns, the Plaintiff is prepared to amend the complaint to further specify the "relevant allegations" for each count, if this Honorable Court deems it necessary.

The substantial consequences of Defendant's negligence and non-compliance should not be understated. The Plaintiff has suffered significant losses, including undue health issues, loss of income, and missed financial opportunities. If Defendant had fulfilled its obligations under the FCRA, such a civil case would never have arisen.

In conclusion, the Plaintiff's complaint provides a detailed account of Defendant's violations of the FCRA, as required under Rule 8's notice pleading standard, and separates each cause of action into distinct claims, as per Rule 10(b). This provides Defendant with sufficient notice and outlining the alleged FCRA violations and their grave consequences. Therefore, the complaint is not an impermissible shotgun pleading, but rather a cogent and thorough account of Defendant's repeated misconduct. Accordingly, the Plaintiff urges this Honorable Court to dismiss Defendant's Motion to Dismiss in its entirety.

III.     Concise Yet Thorough Justifying Plaintiff's Complaint.

The Defendant's motion to dismiss fails due to its reliance on the incorrect assumption that a comprehensive complaint is automatically an inappropriate or irrelevant one. Each paragraph in the Plaintiff's detailed 321-paragraph complaint contributes to the narrative, supplying factual basis and justification for the claims made, as required by Rule 8(a) of the Federal Rules of Civil Procedure.

11

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

However, as with their prior behavior preceding this lawsuit, Defendant merely reiterates this claim—yet repetition doesn't validate its accuracy or absolve liability.

This action surpasses mere misrepresentation—it is a calculated attempt to skew this Honorable Court's interpretation of Defendant's continual breaches of the FCRA, and to obscure Plaintiff's Complaint. In fact, the Plaintiff has made it abundantly clear that the detailed nature of the complaint is a direct response to the complexities inherent to the numerous repeated violations of the FCRA. As explicitly stated in the beginning of Plaintiff's Opposition, "[the] Verified Complaint, which alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S. Code § 1681 et seq., is not a "shotgun pleading" as Experian claims, but rather a detailed, comprehensive, and substantiated statement of the claims against Experian that build atop one another further substantiating Experian's violations of the FCRA." (Doc. #20-1, PageID #436-437).

Thus, the Plaintiff's Verified Complaint not only adheres to the mandates of Rules 8 and 10, but also aligns with the guidance provided by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), which emphasizes the importance of providing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (Doc. #20-1, PageID #453-454). Defendant's assertion that the Complaint is deficient due to its length and detail is a clear attempt to divert attention from the substance of the claims and the gravity of the allegations.

For these reasons, the Defendant's motion to dismiss falls short. Its basis—arguing for the irrelevance of a comprehensive complaint—is in stark contradiction to the intent of the Federal Rules of Civil Procedure, which mandates sufficient detailing to inform the defendant of the nature of the claims against them. Moreover, the Defendant has failed to acknowledge the specific allegations outlined in the Complaint. Their argument to dismiss primarily focuses on the length of the Complaint, instead of its content, which illustrates an attempt to evade addressing the violations of the FCRA.

The Plaintiff urges this Honorable Court to see through Defendant's obfuscation. The length of the Complaint is not a sign of redundancy or confusion but a direct reflection of the complexity of the case and the repeated violations committed by Defendant. It's not the length of the Complaint that should be

12

scrutinized, but the depth and severity of Defendant's violations of the FCRA, and the substantial impact these have had on the Plaintiff's life.

To dismiss with prejudice, is to ignore the gravity of both Defendant's actions and inactions, and the necessity of a thorough legal response. This case is not about an abundance of words, but about the abundance of Defendant's alleged violations that, if proven, have had severe consequences on Plaintiff's life. If anything, the length of the complaint is a testament to the extent of Defendant's factual misconduct. To suggest otherwise is not only a misrepresentation but also a grave disservice to the judicial process. Plaintiff seeks this Honorable Court's fair judgment in holding Defendant accountable for its alleged FCRA violations, and if any deficiencies are found present in the Complaint, then being given the opportunity to amend.

IV.     Unraveling Defendant's Mischaracterization of Plaintiff's Claims.

Defendant's memorandum follows a similar trajectory of failure. As stated previously within Opposition, the invocation of the legal maxim "qui tacet consentire videtur" by the Plaintiff is not a new proposal of a novel legal theory, but rather a means to underscore the negligent conduct. Through failing to address the Plaintiff's disputes and alerts of inaccuracies, Defendant has compromised its FCRA responsibilities, precipitating significant harm, including credit denial and financial strain.

On the matter of defamation, the Plaintiff affirms that this claim is not preempted by the FCRA. Rather, it stands separately, as Defendant's willful and malicious circulation of false information, distinct from its FCRA-based obligations, has harmed the Plaintiff's reputation and financial standing. *See*, Pedro v. Equifax, Inc., 868 F.3d 1275, 1279 (11th Cir. 2017).

Defendant's assertion that the Plaintiff has not pled sufficient facts to state any claim is not only grossly unsupported by the Complaint, but also portrays Defendant's desperate evasion of accountability, casting a disreputable shadow of avoidance.

The FCRA doesn't mandate absolute accuracy of the reported items in a consumer credit file for the consumer to have standing. The law stipulates that consumer reporting agencies must employ reasonable measures to assure maximum possible accuracy of the information reported, exposing them to liability for

13

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

failure to do so.[3] "To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *See*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Therefore, Plaintiff's claims, grounded in substantial factual allegations, stand firm against Defendant's baseless motion to dismiss with prejudice.

A. *Unveiling the Power of Silence and Inaction from Defendant.*

Defendant's motion for dismissal leans heavily on mischaracterizations and inaccuracies that distort the spirit of the Plaintiff's allegations, and Plaintiff urges this Honorable Court to consider these points in their entirety.

The Defendant attempts to dismiss the concept of "Default Summary Judgment Estoppel By Silence" as nonexistent, but the crux of Plaintiff's argument lies not in the label but the principle it represents. This principle—rooted in the Latin maxim, "qui tacet consentire videtur,"—applies universally and is an intrinsic part of justice and equity. The Defendant's silence, in failing to respond to the Plaintiff's legitimate consumer disputes which were mailed to them, can be reasonably interpreted as an implicit acknowledgement of the errors in the consumer credit report. This is a legitimate contention, grounded in the principle of estoppel by silence, which holds parties accountable for their inaction when such inaction misleads another party to their detriment and can be considered malice when the silent party has a duty or obligation to respond. *See*, Georgia v. South Carolina, 497 U.S. 376 (1990).

Next, the Defendant misrepresents the Plaintiff's argument by asserting that the Plaintiff seeks to form a "new cause of action" by suggesting a contractual relationship. Plaintiff assert that the FCRA inherently forms a de facto contractual relationship between consumers and consumer reporting agencies.

---

[3] Failing to carry out a thorough consumer investigation in response to a consumer disputing information contained in their credit report is a clear violation of the reasonable procedures mandated under the Fair Credit Reporting Act. *See* generally, Consumer Fin. Prot. Bureau, CFPB Issues Guidance to Address Shoddy Investigation Practices by Consumer Reporting Companies, https://www.consumerfinance.gov/about-us/newsroom/cfpb-issues-guidance-to-address-shoddy-investigation-practices-by-consumer-reporting-companies/

14

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

The FCRA's obligations are designed to protect consumers, and the Defendant's compliance with these obligations is not optional—it is mandatory. The Defendant's failure to uphold their obligations, in this case, constitutes a clear violation of this implied contract, and thus, Plaintiff's assertion stands valid.

The Uniform Commercial Code ("UCC"), is infused with principles emphasizing transparency, fairness, and accountability in commercial relationships. These principles resonate with the spirit and purpose of the FCRA - a consumer protection statute enacted by Congress to promote accuracy, fairness, and privacy in the practices of consumer reporting agencies; 15 U.S. Code § 1681 (emphasis added). The failure of Defendant to comply with these obligations equates to a breach of this implied contract.

Finally, let it be noted that Plaintiff has suffered real, tangible harm—both psychological and economic—due to the Defendant's negligence and noncompliance. The Defendant's claim that allegations lack basis, therefore, is not only incorrect but also dismissive of the very real suffering experienced by the Plaintiff. In essence, Plaintiff is not conflating the FCRA and UCC. Instead, Plaintiff proclaims that Defendant's disregard for the principles of transparency, fairness, and accountability that underpin both the FCRA and UCC should not be dismissed by this Honorable Court.

In light of these points, Plaintiff respectfully request this Honorable Court to deny the Defendant's Motion to Dismiss with prejudice and allow this case to proceed to discovery where the Plaintiff can gather evidence that further illuminates the depth and breadth of the Defendant's violations.

B. *Preserving Justice Through Upholding Plaintiff's Defamation Claim Despite Defendant's Meritless Argument.*

Defendant's Motion to Dismiss under the FCRA is predicated on the incorrect assumption that Plaintiff's claim is premised merely on conclusory statements, and Defendant's motion fail for the same reasons. Plaintiff's Complaint, provides explicit details of the Defendant's failure to comply with the FCRA mandates. Plaintiff's Verified Complaint, (Doc. #1, ¶ 237). Notably, 15 U.S. Code § 1681e(b) mandates that "whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual

15

about whom the report relates." As averred in the complaint, Defendant knowingly and recklessly furnished false information, in direct contravention of this statutory requirement.

Defendant's actions - and indeed, inactions - were neither incidental nor accidental. After receiving both formal and constructive notices regarding the inaccuracies in the consumer credit report. Defendant knowingly and recklessly furnished false information, which led to substantial harm to the Plaintiff's reputation and finances. Such actions demonstrate either a clear knowledge of falsity or a reckless disregard for the truth. As such, the Plaintiff's defamation claim is not just mere "threadbare recitals" contrary to Defendant's assertions under the Iqbal rule.

Plaintiff asserts that Defendants' actions, or rather their lack thereof, amount to a willful and reckless disregard for the accuracy and truth of the Plaintiff's consumer credit information, constituting a gross violation of FCRA norms. This grievous neglect, coupled with the significant harm it brought upon Plaintiff's reputation and finances, clearly demonstrates that Defendant acted with either knowledge of falsity or reckless disregard for the truth. *Id.*, (Doc. #1 ¶ 32, 45, 80, 186). Plaintiff has provided allegations from which both a reasonable Judge, and Jury could infer malice or willfulness.

The Complaint is fortified with specific factual allegations, sufficing the need for "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," in compliance with the Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) standard.

In essence, the Plaintiff's complaint is replete with the specific factual matter necessary to state a plausible claim for relief, thus satisfying the Iqbal standard. Therefore, Plaintiff respectfully requests that this Honorable Court deny Defendant's motion to dismiss with prejudice.

C. *Defending FCRA Claims: Presenting Counter-Arguments to Alleged Noncompliance Under Sections 1681e(b) and 1681i(a).*

In confronting Defendant's claim that the Plaintiff inadequately alleges facts essential to substantiate claims under FCRA Sections 1681e(b) and 1681i(a), Plaintiff assertively refute these allegations as baseless and unsubstantiated. A review of the Plaintiff's Verified Complaint reveals a detailed and cogent presentation of facts underpinning these allegations. The claims brought under 1681e(b) and 1681i(a) are

16

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

underpinned by robust factual allegations, establishing a conceivable claim for relief. In stark contrast, Defendant's assertion that the Plaintiff fails to present a plausible claim under 1681e(b) and 1681i(a) is a hollow proclamation devoid of any substantive foundation. Defendant's motion to dismiss, in its inability to address these critical aspects, is inherently flawed and warrants denial, and fails upon closer examination. Conversely, Defendant's feeble arguments crumble under the slightest scrutiny, exposing a strategy that is more focused on obfuscation than engagement with the substantive issues at hand.

I.        Challenging Experian's Denial: Underscoring the Potency of Plaintiff's 1681e(b) Claim.

Plaintiff finds himself in a peculiar, if not unsettling, position in response to Defendant's recent assertions. Defendant has put forth the argument that, Plaintiff, has failed to present plausible allegations of inaccuracies within their consumer credit report. (Doc. #17, PageID#357). This is a claim that, while perhaps strategically convenient for Defendant, is surprisingly discordant with the facts already acknowledged by Defendant itself in their previous motion.

In the previous proceedings, Defendant openly acknowledged the presence of alleged inaccuracies in the Plaintiff's consumer credit report. These were not merely minor discrepancies or insignificant anomalies; rather, they were significant enough to prompt the Plaintiff to suggest the possibility of identity theft as a conceivable root cause of these inaccuracies.

In the light of Defendant's previous acknowledgment, the attempt to now suggest that the Plaintiff has not pointed out any plausible allegations of inaccuracy is perplexing. It goes beyond contradiction and appears to indicate a deliberate attempt by Defendant to mislead this Honorable Court. This seeming willingness to vacillate between acknowledging errors in one instance and denying their significance in the next raises questions about Defendant's commitment to transparency and factual accuracy in these proceedings.

Under the FCRA, it is incumbent upon consumer reporting agencies to ensure the maximum possible accuracy of the information they report. This is not a suggestive guideline but a mandated responsibility. The presence of acknowledged inaccuracies within the Plaintiff's consumer credit report suggests that

17

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

Defendant failed in its duty to adhere to these mandated procedures. Consequently, it indirectly lends weight to the Plaintiff's claims under the FCRA.

In addition, Defendant's assertion Plaintiff is "wrong as a matter of law" while introducing new Exhibits lacks reasonable and truthful good faith. Twombly's "plausibility" standard requires a complaint to go beyond mere labels or formulaic claim elements. It necessitates the inclusion of detailed facts to substantiate the plausibility of the claim, aligning with the Iqbal standard. This can involve expanding on previously asserted facts to enhance clarity and support. These additional details align with the existing allegations in the Complaint; they do not introduce new claims.

Plaintiff, therefore, respectfully request this Honorable Court to consider Defendant's prior acknowledgment of inaccuracies and the potential issue of identity theft when evaluating the Defendant's motion to dismiss with prejudice. The recent arguments should be viewed in the light of their previous admissions and the responsibilities incumbent upon them under the FCRA.

II.      Plaintiff's Unquestionable Section 1681i(a) Claim Against Defendant.

Responding to Defendant's Motion to Dismiss with Prejudice, firstly addressing the contradictions and inconsistencies they claim are in the Opposition – which does not exist. As previously stated, Plaintiff's main contention has consistently been that Defendant failed to conduct a consumer investigation and subsequent consumer investigation with respect to the mailed disputes Plaintiff sent on December 28, 2021, and January 29, 2022. *See* Defendant's Motion, (Doc. #17, PageID#347). In fact, within the Opposition, Plaintiff agrees with Defendant in relation to the mailed disputes, and the failure of a consumer investigation from Defendant. *See* Opposition, (Doc. #20-1, PageID #444-447) citing Plaintiff's Verified Complaint, (Doc #1 ¶ 36, 39, 43, 45a-c, 52, 54, 56, 57, 62, 63, 66, 67, 95, 102, 104, 114, 118, 129, 137). This is negligence and willful non-compliance with the FCRA by Defendant. *See*, Smith v. LexisNexis Screening Sols., Inc., 837 F.3d 604, 609 (6th Cir. 2016). The jury found in Smith's favor, finding that Lexis both negligently and willfully violated the FCRA provision, and awarded Smith $75,000 in compensatory damages as well as $300,000 in punitive damages.

18

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

In the same manner of violating the FCRA, Defendant repeatedly failed to timely and adequately investigate the disputes raised through both the CFPB on February 27, 2022, April 5, 2022, and April 13, 2022. *See* Plaintiff's Verified Complaint, (Doc. #1, ¶ 44, 73, 101, Exhs., 2, 4, 6). These consumer complaints detailed the concerns regarding Defendant's violations of the FCRA and were made in a timely manner despite Defendant failing to respond thirty days as mandated by the FCRA; 15 U.S. Code § 1681i(a)(1)(A). *Id.*, (Doc. #1, ¶ 67, 88, 91-92, 125, 150-159). Likewise, an additional complaint regarding Defendant via email to the Ohio Attorney General's Office on March 25, 2022. *Id.*, (Doc. #1, ¶ 95, 125 Exh. 5). These blatant examples are not exhaustive.

The Plaintiff's claim is not only that Defendant failed to conduct any consumer investigation, but the "reinvestigation" attempts efforts fell short of the legal standards set out in the FCRA as Congress intended. The statute demands not just any reinvestigation, but one that is "reasonable" within thirty days and delete the disputed information from the consumers credit profile if unable to do; 15 U.S. Code § 1681i(5)(A)(i) (emphasis added).

The Plaintiff has provided evidence showing that the reinvestigation process undertaken by Defendant was neither reasonable nor adequate. Plaintiff also demonstrated that Defendant failed to adhere to the legally mandated time frame of thirty days to verify the disputed items in the consumer credit report.

Therefore, while the Defendant may argue that there is a contradiction, it is evident that the Plaintiff has consistently maintained the stance that Defendant failed to conduct an initial and subsequent consumer investigation with respect to the disputes Plaintiff mailed to Defendant. In addition, any attempts at reinvestigation grossly fell short of meeting the requirements of the FCRA.

In addition to falling short, Defendant's reliance on Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1556 (9th Cir. 2009), and 15 U.S. Code § 1681s-2(a)(8)(E) is misplaced. These references specifically address the relationship between consumers and data furnishers, pertaining to disputes initiated by consumers and the interaction between consumers and the entities that supply information to consumer reporting agencies. It does not pertain to the obligations of consumer reporting agencies

19

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

themselves, which the Defendant undoubtedly falls under. Moreover, the Defendant's assertions suffer from similar inadequacies. The indisputable fact remains that the FCRA mandates all consumer reporting agencies to conduct a reasonable investigation within a timeframe not exceeding thirty days. This is an obligation that the Defendant has repeatedly failed to fulfill. It is important to emphasize that the Defendant, as a consumer reporting agency, is obligated to adhere to the requirements set forth by the FCRA, including the duty to conduct a prompt and thorough investigation upon receiving consumer disputes.

Defendant has an obligation, as explicitly defined under the FCRA, to conduct a timely and reasonable reinvestigation into any disputed items in a consumer's credit report. However, it is clear from the presented evidence that Defendant has repeatedly failed to uphold this duty, thereby causing harm to the Plaintiff's credit standing and financial health. Not only did Defendant fail to perform a sufficient reinvestigation, but they also failed to adhere to the legally mandated timeframe, thus showing a disregard for their responsibilities under the FCRA. The allegations in Plaintiff's Verified Complaint are well-supported by the facts and provide a solid foundation upon which to base a claim under the FCRA.

It is not for Defendant to determine the quality or adequacy of their own reinvestigations, but for this Honorable Court to decide, based on the facts presented, whether the reinvestigations were, indeed, "reasonable" as defined under the law. As such, Defendant's attempt to dismiss this case with prejudice should be viewed as an effort to avoid a full and fair examination of their practices. Therefore, Plaintiff request that this Honorable Court deny Defendant's Motion to Dismiss and allow this case to proceed to discovery and ultimately, trial.

## IV.    CONCLUSION

In conclusion, the Plaintiff respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss with prejudice. The Defendant, Experian, despite its obligations under the FCRA, has consistently failed to conduct prompt and appropriate investigations into the disputed items. This failure, as evidenced, has resulted in severe harm to the Plaintiff's credit standing and financial health.

20

Memorandum in Opposition to Experian Information Solutions, Inc.'s Motion to Dismiss with Prejudice
Case No.: 3:22-cv-00356-MJN-CHG

Defendant's disregard for the upholding the rule they assumed, and their negligence and non-compliance in carrying out their obligations under the FCRA demonstrate a blatant violation of the law.

In rejecting the Motion to Dismiss, this Honorable Court would serve the broader public interest by reinforcing the consumer safeguards embedded in the FCRA. This goes beyond benefiting the Plaintiff alone, extending to all consumers who are granted the opportunity to seek redress for the harm inflicted by Defendant's conduct and seek protection under the FCRA. It is essential to consider that the allegations against Defendant, if proven, highlight a severe violation of these safeguards. Therefore, Plaintiff respectfully urge this Honorable Court to enable further exploration of the evidence through discovery, advancing towards a trial where the veracity of these allegations can be decisively addressed.

Respectfully submitted,

Dated May 23, 2023

/s/Elijah N. Whaley
6957 SpringFarm Court Dayton,
Ohio 45459
(937) 809-4479
ElijahWhaley@proton.me
Pro Se Litigant

21

## CERTIFICATE OF SERVICE

On May 23, 2023, I Elijah Whaley hereby certify that a true and correct copy of the above and

foregoing Plaintiff's Response in Opposition to Experian Information Solutions, Inc.'s Motion

to Dismiss with Prejudice and accompanying Memorandum. All copies of documents required

to be served by Fed. R. Civ. P.5(a) and OR Civ. R. Civ.R. 5(B)(2) have been so served. Mailed

via United States Postal Service, first class mail, to the addresses as follows:


Victoria Dorfman
JONES DAY
51 Louisiana, Avenue, N.W.
Washington, D.C. 20001

Alexander W. Prunka
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114


Dated May 23, 2023                        /s/Elijah N. Whaley
                                          6957 SpringFarm Court
                                          Dayton, Ohio 45459
                                          (937) 809-4479
                                          ElijahWhaley@proton.me