UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIJAH WHALEY,

    Plaintiff,

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

Case No. 3:22-cv-356

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 17); (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (Doc. No. 5); (3) PROVIDING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN 10 DAYS OF THIS ORDER; AND (4) ADVISING PLAINTIFF THAT HIS CASE MAY BE TERMINATED ON THE DOCKET IF HE FAILS TO COMPLY WITH THIS ORDER**

---

This *pro se*[1] civil case appears to assert violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. It is before the Court on Defendant's Fed R. Civ. P. 12(b)(6) motion to dismiss. Doc. No. 17. Plaintiff filed an opposition memorandum (Doc. No. 20), and Defendant submitted a reply (Doc. No. 23).[2] The motion is now ripe for review.

**I.**

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

[2] Plaintiff admits that he used Artificial Intelligence ("AI") to prepare case filings. *See* Doc. No. 25 at PageID 536–37. The Court reminds all parties that they are not allowed to use AI—for any purpose—to prepare any filings in the instant case or any case before the undersigned. *See* Judge Newman's Civil Standing Order at VI. Both parties, and their respective counsel, have an obligation to immediately inform the Court if they discover that a party has used AI to prepare any filing. *Id.* The penalty for violating this provision includes, *inter alia*, striking the pleading from the record, the imposition of economic sanctions or contempt, and dismissal of the lawsuit. *Id.*

Plaintiff's complaint is 84 pages long. *See* Doc. No. 5. Counting attachments—consisting of various letters sent to Defendant in which Plaintiff complains about allegedly unlawful conduct—it is 144 pages. *See* Doc. No. 5-1. Although unclear, Plaintiff alleges in his complaint that Defendant violated the FCRA, at times and dates not apparent on the face of his various filings. *See generally* Doc. No. 5. Recognizing this issue, Defendant seeks dismissal of Plaintiff's verbose and confusing pleading. Doc. No. 17 at PageID 346.

## II.

Fed. R. Civ. P. 8(a) requires that "'[a] pleading that states a claim for relief . . . contain,' among other things, '*a short and plain statement of the claim* showing that the pleader is entitled to relief.'" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint violates Fed. R. Civ. P. 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). The usual remedy is dismissal without prejudice, while granting leave to amend. *Id.*

Plaintiff's complaint and various attachments are "verbose, confused, and redundant," violating Fed. R. Civ. P. 8(a). To state a claim under the FCRA against an eligible consumer reporting agency under § 1681s-2(b),[3] a plaintiff must meet the "threshold showing" that the information is inaccurate or incomplete by alleging sufficient facts, when taken as true, to show "that the information [Defendant] provided is false or that it contains a material omission or creates a materially misleading impression." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629–30 (6th Cir. 2018) (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012); *see*

---

[3] Liberally construing Plaintiff's allegations in his favor, the Court recognizes that he brings a claim under § 1681s-2(b), which "prevent[s] 'furnishers of information' from spreading inaccurate consumer-credit information.'" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629–30 (6th Cir. 2018) (emphasis deleted) (quoting *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012)).

*also Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533, 548 (E.D. Mich. 2020) ("[R]eporting is accurate for purposes of the FCRA as long as it is technically accurate, or accurate on its face." (quoting *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 960 (E.D. Mich. 2016))).

This 144-page *pro se* complaint only alleges that Defendant violated the FCRA, without indicating what inaccurate information, if any, Defendant relayed to others. *See generally* Doc. No. 5. Consequently, the complaint is unclear and potentially frivolous or malicious. *Id.* The pleading consists of irrelevant background information, interspersed quotes, and miscellaneous legal citations that do not offer Defendant a fair glimpse at what actions could plausibly give rise to an FCRA claim. *Id.*; *see, e.g.*, *McComb v. Dominium Prop. Mgmt.*, No. 3:20-cv-369, 2022 WL 4395994, at *3 (S.D. Ohio Sept. 23, 2022) (dismissing amended complaint because it was "intersperse[d with] 'excerpts from case law and numerous statutory and regulatory provisions' with verbal and written communications allegedly made to him by certain Defendants[,]" which made it "impossible for a Defendant to admit or deny and respond with defenses pursuant to Fed. R. Civ. P. 8(b)(1)"); *cf. Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 508 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994))). Thus, in its current form, Plaintiff's *pro se* complaint violates Rule 8(a)'s mandate to plead a short and plain statement showing he is entitled to relief. *See Kenzu*, 5 F.4th at 649.

### III.

Defendant's motion to dismiss (Doc. No. 17) is thus **GRANTED**, and Plaintiff's complaint (Doc. No. 5) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED**

3

**LEAVE** to file an amended complaint within **TEN DAYS** of the issuance of this Order.  In his amended complaint, Plaintiff shall: (1) briefly describe the alleged inaccurate information that Defendant allegedly transmitted; (2) include the dates in which Defendant allegedly transmitted this allegedly inaccurate information; and (3) allege to whom Defendant allegedly transmitted this information.  The amended complaint shall not exceed 20 pages.  Defendant may, if warranted, file a motion to dismiss in the event Plaintiff files an amended complaint.  Plaintiff is **ADVISED** that, if he fails to timely file an amended complaint in accordance with this Order, the Court may dismiss his complaint with prejudice and terminate the case on the docket.  *See Kensu*, 5 F.4th at 652–53.

    **IT IS SO ORDERED.**

  November 16, 2023                                                      s/Michael J. Newman  
                                                                                     Hon. Michael J. Newman  
                                                                                     United States District Judge