UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIJAH WHALEY,

       Plaintiff,                        Case No. 3:22-cv-356

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.,                       District Judge Michael J. Newman
                                          Magistrate Judge Caroline H. Gentry

       Defendant.

---

## ORDER: (1) DENYING PRO SE PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) TERMINATING THIS CASE ON THE DOCKET

---

This *pro se*[1] civil case appears to assert violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. In a previous order, the Court dismissed this case with prejudice and terminated the case on the docket. Doc. No. 27. Plaintiff later filed a motion for reconsideration under Fed. R. Civ. P. 60(b)(1). Doc. No. 29. Defendant responded, and Plaintiff replied. Doc. Nos. 30, 31. Thus, this motion is ripe for review.

### I.      Background

Plaintiff Elijah Whaley filed a complaint on January 25, 2023. Doc. No. 5. The complaint is 84 pages long and, including attachments, spans 144 pages. Doc. Nos. 5, 5-1, 26. Although unclear, Plaintiff alleges in his complaint that Defendant Experian Information Solutions, Inc. violated the FCRA, at times and dates not apparent on the face of his various filings. *See generally*

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Doc. No. 5.  Recognizing this issue, Defendant sought dismissal of Plaintiff's verbose and confusing pleading.  Doc. No. 17 at PageID 346.

In a previous order (Doc. No. 26), the Court granted Defendant's motion to dismiss (Doc. No. 17), dismissed Plaintiff's complaint without prejudice, and provided Plaintiff leave to file an amended complaint within 10 days of that order (*i.e.* by November 26, 2023).  *See* Doc. No. 26 at PageID 556-57.  The Court further advised Plaintiff that his amended complaint should not exceed 20 pages and should include (1) the alleged inaccurate information Defendant allegedly transmitted, (2) the dates of the alleged transmissions, and (3) the alleged recipients of the information.  *Id.* at 557.  When Plaintiff failed to file an amended complaint, the Court dismissed this case with prejudice and terminated it on the docket on November 27, 2023.  Doc. No. 27.

On December 6, 2023, Plaintiff filed a motion for reconsideration under Rule 60(b)(1).  Doc. No. 29.  This motion, including attachments, is 132 pages long.  *Id.*  Plaintiff claims that he suffered food poisoning on November 25, 2023 and vehicle issues on November 27, 2023 that prevented him from filing the amended complaint on time.  *Id.* at 562.

## II.    Law and Analysis

Upon a party's motion, the Court has discretion to "relieve a part or is legal representative from a final judgment, order or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).  To determine whether relief is appropriate, the Sixth Circuit directs courts to "consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense."  *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (internal quotations omitted).  Before the Court examines the second two factors, the party seeking relief must demonstrate a lack of culpability.  *Id.* at 628-29.

2

In determining whether the movant has shown excusable neglect, the Court looks to factors set forth by the Supreme Court including the potential prejudice to the non-moving party, the length of delay, the reason for the delay, and whether the movant acted in good faith. *Id.* at 629 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Court finds that Plaintiff has not shown excusable neglect. Reopening this case would prejudice Defendant, which has already spent over a year litigating this case. Additionally, the length of Plaintiff's delay—ten days—is double the amount of time given to him to correct his complaint in the first place. Moreover, Plaintiff's stated reasons for the delay—food poisoning the day before the deadline and car troubles the day after the deadline—do not explain why it took him the additional ten days to deliver an amended complaint to the Court. Instead, Plaintiff filed a proposed amended complaint with a motion for reconsideration and an additional 95 pages of exhibits. *See* Doc. No. 29. While Plaintiff's proposed amended complaint is 20 pages, the Court questions whether Plaintiff acted in good faith to satisfy the additional requirements for an amended complaint set forth in the Court's November 16, 2023 order. *See* Doc. Nos. 26, 29-2. Furthermore, the Court questions whether Plaintiff has shown a meritorious underlying claim under the FRCA. Thus, Plaintiff has not shown excusable neglect.

### III.    Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. No. 29) and again **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

 February 16, 2024                                          s/Michael J. Newman
                                                                      Hon. Michael J. Newman
                                                                      United States District Judge